Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of CATHERINE CHLUDZINSKI, Mother, and BERTHA CHLUDZINSKI and Others, Sisters and Brother, for Compensation to Themselves under the Workmen's Compensation Law, for the Death of ANTHONY CHLUDZINSKI, *v.* STANDARD OIL COMPANY OF NEW YORK, Employer, and STATE INSURANCE FUND, Insurance Carrier.

Third Department, December 28, 1916.

**Workmen's Compensation Law** — certification of question to Appellate Division for decision — death of employee by fire communicated to shirt saturated with inflammable oil — accident in dressing room furnished by employer — proof justifying award — smoking during working hours — statute construed.

Where the State Industrial Commission has determined as a matter of fact that death resulted from accidental injuries which arose out of and in the course of an employment and certifies that question for determination by the Appellate Division, the court will determine only whether there is evidence to sustain the finding of fact, and only in the absence of such evidence is the finding an error of law.

Where it appears that the deceased, employed in an oil refinery, went during the hours of his employment to a dressing room furnished for the use of workmen by his employer and met his death by fire communicated to his shirt which was saturated with inflammable oil, the fire having been apparently communicated by a bunsen burner which was lighted in the dressing room and occasionally used for heating oil or glue, an award under the Workmen's Compensation Law was justified.

A claim is presumed to be within the law and in the absence of substantial proof to the contrary the court is not required to speculate and draw inferences unfavorable to the claimant, and will assume that an award was properly made.

An award should not be refused merely because the decedent may have gone to the dressing room to smoke (that, however, being pure speculation) where there was no rule prohibiting smoking in the dressing room during working hours.

An award under the Workmen's Compensation Law is made without regard to the faults of the employee and the question of negligence or contributory negligence is not involved.

CERTIFICATION by the State Industrial Commission to the Appellate Division, Third Department, of the following question: " Were the injuries which resulted in the death of Anthony Chludzinski accidental injuries and did they arise out of and in the course of his employment, within the meaning of the Workmen's Compensation Law ? "

The Commission determined as a fact that the injuries were accidental injuries and arose out of and in the course of his employment, and certified the facts to the court for its consideration.

*Egburt E. Woodbury, Attorney-General [E. C. Aiken, of counsel], and Robert W. Bonynge, counsel for the State Industrial Commission.*

KELLOGG, P. J.:

The Commission states that it certifies to the court the question as a question of law. It has, however, determined, as a matter of fact, that the death resulted from accidental injuries which arose out of and in the course of the employment. We interpret the question to mean whether there is evidence to sustain their findings of fact, for in the absence of such evidence their findings would be an error of law.

The deceased, while in the employ of the Standard Oil Company at its refinery at Buffalo, during business hours, about

three. forty-five in the afternoon, while dressed in his working clothes, met his death by a fire communicated in some way to the inflammable flannel shirt he wore. In the course of the business the flannel shirts of all the workmen become saturated with oil and are very inflammable. Apparently he was not intoxicated at the time, and evidently there was no willful intention on his part to bring about his injury or the death of himself or others. He may have been careless and remiss in his duties; but compensation is awarded without regard to fault, and under the presumption of section 21 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) that the case comes within the law "in the absence of substantial evidence to the contrary," upon the facts stated the award would follow of course.

But it is urged that facts now to be mentioned furnish "substantial evidence to the contrary" and establish that the case is not within the law and that the injury did not arise out of and in the course of the employment.

Adjoining the workroom in which the decedent was employed was a locker room in which each employee had a locker in which to keep his street clothes when at work and his work clothes at other times. For some unknown purpose the decedent left his workroom and entered the locker room, closed the door after him and was there five or six minutes; then he rushed out of the room with the left front side of his shirt ablaze. He died from the results of the burning the same day. The locker room had formerly been used as a test room, but all the testing apparatus had been removed except a Bunsen burner, over which there was an iron hood with a six-inch ventilator pipe through the roof. This burner was formerly used for flashing oil, but at the time of the accident was used occasionally for heating samples of oil in the wash tanks and occasionally for heating glue for repairs. But the decedent had no duties with reference to the burner; it was for the special use of two men in the repair shop. The locker which was used by the decedent was about two feet from the end of the hood over the burner and about four and one-half feet from the burner itself. · The burner was lighted at the time the decedent entered the room and after the accident. A burnt match

stick was found upon the floor. Direct contact with the burner could not be had by accident, as the hood protected it from handling or touching except by design or intent. In the absence of a rule prohibiting the men from going to the locker room during working hours it cannot be said that the decedent had no right to enter that room, or that he ceased to have all the benefits of an employee while there. He might have entered the room at an idle moment for a change of air or scene; or perhaps to get from his street clothes a pencil, a knife or some memorandum with reference to his work. Many reasons might have made it proper, and in the due course of his employment, for him to enter the room at the time. We cannot under the law indulge in any presumption against him. The burnt match stick on the floor does not necessarily connect itself with the decedent. Two men worked in this room from time to time; the employees generally went through it in the morning, at noon and at night. If the burnt match suggests that the decedent may have been smoking, it is not fatal to the claim. Smoking was not prohibited, and if an employee had a leisure moment there was no reason why he might not smoke. Smoking in the factory during business hours by an employee, when not prohibited, cannot deprive him of the benefit of the law. It might indicate negligence when we remember that he wore an inflammable flannel shirt; but compensation is awarded without regard to fault, and the question of negligence or contributory negligence is not before us. Evidently at times much heat was generated by the burner; perhaps when entering the locker room he found it necessary to regulate the flame in the burner. The decedent's locker was near the hood. Possibly a spark from the burner, or the heat from the burner, may have caused the fire. These are all matters of speculation, but under the rule that the claim is presumed to be within the law, in the absence of substantial proof to the contrary we are not required to speculate and draw unfavorable inferences. We find no substantial proof to the contrary and, therefore, conclude that the award was properly made, and answer the question in the affirmative.

All concurred.

Award affirmed; question answered in the affirmative.