Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EMMA ETHERTON, Respondent, for Compensation under the Workmen's Compensation Law, *v.* JOHNSTOWN KNITTING MILLS COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 13, 1918.

Workmen's Compensation Law — injury to employee by slipping and falling at foot of staircase while returning from basement where she had set a bottle of tea on the boiler — accident in course of and injury arising out of employment — distinction between injuries received at plant of employer and those received elsewhere.

An employee who, during working hours, went to the basement of the plant of her employer to set a bottle of tea upon the boiler to keep it hot for a midday meal, and, while on her way back to the floor above slipped and fell at the foot of a staircase, was injured in the course of and through an accident arising out of her employment, within the meaning of the Workmen's Compensation Law.

In order to be acting in the course of her employment it was not necessary that the plaintiff should have been actually engaged in the work thereof. It was sufficient if she was performing some act upon the premises of her employer which, though directly beneficial to herself, was an ordinary incident to a day of employment.

Acquiescence of the employer in permitting employees to enter its basement for such purpose was sufficient to abrogate a prior rule prohibiting the use of the boiler room and the boiler by its employees.

The Workmen's Compensation Law makes a distinction between injuries received at the plant or upon the premises of the employer and those received elsewhere.

COCHRANE, J., dissented.

APPEAL by the defendants, Johnstown Knitting Mills Company and another, from awards of the State Industrial Commission, entered in the office of said Commission on the 10th day of June, 1917, and the 27th day of March, 1918.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

H. T. KELLOGG, J.:

Claimant was injured during working hours at the plant of her employer. She came to the plant at about seven A. M., went to the basement, set a bottle of tea on the boiler, and while on her way back to the floor above slipped and fell at the foot of a staircase. If claimant, during working hours, had suspended work to go to a cloakroom to change her clothes, to a washroom to wash up or use the toilet, and while in such room had been injured, she could, under the authorities, have had an award. (*Chludzinski* v. *Standard Oil Co.,* 176 App. Div. 87; *Sexton* v. *Public Service Commission,* 180 id. 111; *De Filippis* v. *Falkenberg,* 170 id. 153.) In order to be acting in the course of her employment, therefore, it was not necessary that she should have been actually engaged in the work thereof. It was sufficient if she was performing some act upon the premises of her employer which, though directly beneficial to herself, was an ordinary incident of a day of employment. This claimant was performing such an act in placing her bottle of tea upon the boiler to keep it hot for a midday meal. Of course, if she had been forbidden to enter the boiler room she was acting in violation of her duty, and, therefore, not in the course of her employment. It is true that her employer had long previously promulgated a rule prohibiting the use of the boiler room and the boiler by its employees. However, it was the common practice of employees at the time of the accident to make use of the room as did the claimant. The acquiescence of the employer in this practice was sufficient to abrogate the rule. Also, the injuries sustained by claimant arose through an accident arising out of her employment. Injuries due to slipping or tripping on stairs or floors have been held to be due to accidents arising out of the employment. (*Leslie* v. *O'Connor & Richman, Inc.,* 173 App. Div. 988, affg. 5 State Dept. Rep. 383; *Naro* v. *Rueckheim Bros. & Eckstein,* 175 App. Div. 958, affg. 7 State Dept. Rep. 484.) The case of

*Daly* v. *Bates & Roberts* (224 N. Y. 126) in no wise militates against a recovery here, for in that case the claimant, entirely beyond the limits of her working day, was performing labor for herself, and at the time was in no sense an employee. So of *Manor* v. *Pennington* (180 App. Div. 130). There the employee, during the noon hour, was injured by an explosion of a boiler in a basement, while eating his dinner, but in that accident the basement was not in the possession or occupation of his employer. The Workmen's Compensation Law makes a distinction between injuries received at the plant or upon the premises of the employer, and those received elsewhere. The authorities cited amply justify an award.

The award should be affirmed.

All concurred, except COCHRANE, J., dissenting.

Award affirmed.