Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANNA GRAFFE, Respondent, for Compensation under the Workmen's Compensation Law for Herself and Minor Children for the Death of Her Husband, FELIX GRAFFE, *v.* ART COLOR PRINTING COMPANY, Employer, and THE ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 5, 1920.

**Workmen's Compensation Law — cause of accident — existence of conditions surrounding place of accident which might have caused it.**

The decedent, who was employed by a printing company, was found lying on his back between two rolls of paper with his skull fractured. While there was no evidence to show what caused him to fall, the conditions surrounding the place of the accident — grease on the concrete floor, rolls of paper three feet in diameter with rods projecting from the ends,

absence of sufficient light, presence of noxious and enervating gases, and close and tepid atmosphere, all of which were connected with the employment and business and which might have been the cause of the fall, were such as to sustain the award.

APPEAL by the defendants, Art Color Printing Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 1st day of July, 1919.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

KILEY, J.:

On the 19th of November, 1917, Felix Graffe, husband of the claimant, was working, night-shift, for the Art Color Printing Company of New York city. The men shut down at ten P. M. and went out to lunch; Graffe went with them. They returned at about ten-forty-five P. M. and they saw deceased lying on his back between two rolls of paper. His skull was fractured; the floor where he fell was concrete; he was taken to the hospital and died in a few hours. The Commission awarded his widow and minor children compensation; later it reversed the award, and still later, by divided vote, reversed its reversal and reinstated the award. The appellants contend that there is no evidence of an accident authorizing such award, and cite *Matter of Collins* v. *Brooklyn Union Gas Co.* (171 App. Div. 381) and *Matter of Hansen* v. *Turner Construction Co.* (224 N. Y. 331) as decisive against respondents. In 171 Appellate Division the deceased was assistant foreman, and while sweeping the paving near the work being done by the gang of men to which he was attached, he fell and later died in the hospital. The theory of claimant in that case was that escaping gas caused him to faint. He had said to a fellow-employe that " a weak spell must have come to him." The evidence showed absence of any effect from gas and the theory was abandoned and the Commission found the decedent stumbled and fell and thus received his injury. There was no evidence of any obstruction. The

*Hansen Case* (224 N. Y.) is in many respects like this case; but in that case there was total absence of evidence of anything in the nature of obstruction, of pillars or posts, near decedent that should cause him to fall. In the present case several facts connected with the employment, of conditions that might have caused Graffe to fall and fracture his skull, appear. The concrete floor; grease upon the floor about the press at which he worked; rolls of paper three feet in diameter lying lengthwise on the concrete with metal bars extending twelve to fourteen inches out of either end, over which he could trip; absence of light except one light thirty feet away; dark around the press where he worked and was found; — the presence of noxious, enervating and pernicious odor and gasses, and close and tepid atmosphere, kept so continuously and purposely on account of the effect fresh air or moving drafts had upon the colors that were being stamped upon the paper; all of which was connected with the employment and business, and which the evidence shows might have been the cause of the fall of the decedent. We think the decision in *Chludzinski* v. *Standard Oil Co.* (176 App. Div. 87) sustains the award of the Commission in the case at bar.

The award should be affirmed.

All concur.

Award affirmed.