(No. 13251.—Judgment affirmed.)

THE STEEL SALES CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN SCHWINN, Admr. Defendant in Error.)

*Opinion filed June 16, 1920.*

1. WORKMEN'S COMPENSATION—*cause of injury may be proved by circumstantial evidence.* An applicant for compensation has the burden of proof as to whether the injury was accidental and as to its cause, but it is not necessary that testimony be given by an eye-witness.

2. SAME—*acts of employee which are necessary to health and comfort are incidental to employment.* An employee while at work for his employer may do those things which are necessary to his own health and comfort even though they are personal to himself, and such acts will be considered incidental to his employment.

3. SAME—*when counsel cannot object to evidence brought out by his cross-examination.* Counsel for an employer cannot object in the Supreme Court to testimony brought out by his own cross-examination of the brother of the deceased employee as to what the deceased told the witness was the cause of his injury, where no objection to or motion to strike the testimony from the record was made at the trial.

4. SAME—*word "accident" should not be construed technically.* The word "accident," as used in the Compensation act, should not be construed technically, but it is meant to include every injury suffered in the course of employment for which there was an existing right of action at the time the act was passed and to include and limit compensation for other injuries which can be traced to a definite time, place and cause in the course of and incidental to the employment.

5. SAME—*when injury by fire arises out of and in course of employment.* Evidence that an employee died from the effects of fire when his clothing became ignited while he was in a toilet room on

the premises of his employer, that he carried matches in his pocket, (which was not expressly prohibited although there was a rule against smoking,) and that the clothing he wore had become oily from his work, is sufficient to justify a finding that the injury arose out of and in the course of the employment, in the absence of any direct evidence as to how the accident occurred and where there is no evidence that the employee was smoking.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

FRANK M. COX, and ALBERT N. POWELL, for plaintiff in error.

HARRY A. FLECK, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Frederick Schwinn, an employee of the plaintiff in error corporation working as a machine hand, went into the toilet room of the building of said company on November 9, 1916, and while there his clothing caught fire and before it was extinguished he was so badly burned that he died. The arbitrator found the injury did not arise out of the employment. The Industrial Commission found to the contrary and made an award, which was affirmed by the circuit court. The cause is now here on writ of error.

The duties of the deceased were to cut cold-steel plates on a cutting machine in the basement of plaintiff in error's plant, his working hours being from 7:30 to 5:30 each day, with half an hour for lunch. He worked on a machine with a fellow-employee about 80 or 100 feet from the washroom, which latter room contained lockers for the employees' street clothes and a drinking faucet. A toilet was located in one corner of the washroom, being divided from the rest of the room by a partition extending part way to the ceiling. There was only one window in the room, admitting but little light, and an electric light was suspended from the ceiling just outside the toilet room but not in such a position as to thoroughly light the same. At the time of the

accident deceased had his working clothes on,—overalls and an apron but no coat,—and the evidence tends to show that his working clothes had become oily from his work. Immediately prior to the accident deceased's brother and two other employees were in the washroom. One of them still remained in the washroom when deceased went into the toilet, but at the exact time deceased's clothing was ignited none were near him or where they could see him. He had been in the toilet only a moment when he ran out with his clothing on fire, passing the man in the washroom, then to the basement workroom and on up-stairs past his brother, who tried to hold him and throw water on him, and then out into an alley, where finally, after most of his clothing had been burned away, a blanket was thrown around him and the fire put out. The brother of the deceased, on cross-examination by counsel for plaintiff in error here, stated the deceased had said to him shortly after the accident as to the cause of the fire, "I went into the washroom and bumped into the locker and had matches in my pocket." A rule was in force in plaintiff in error's plant prohibiting smoking. There is no testimony that deceased was smoking or had been smoking immediately before the accident. The proof shows that he did carry matches in his pocket, but there appears to have been no rule as to this last point.

The principal question raised here is whether the injury arose out of and in the course of the employment. The applicant has the burden of proof as to whether the injury was accidental and as to its cause, but it is not necessary, in order to make this proof, that such testimony be given by an eye-witness. The proof may be made by direct or circumstantial evidence. (*Ohio Building Vault Co.* v. *Industrial Board*, 277 Ill. 96; *Mechanics Furniture Co.* v. *Industrial Board*, 281 id. 530; *Northern Illinois Traction Co.* v. *Industrial Board*, 279 id. 565.) An employee while at work for his employer may do those things which are necessary to his own health and comfort, even though they

are personal to himself, and such acts will be considered incidental to his employment.  (*Rainford* v. *Chicago City Railway Co.* 289 Ill. 427; *Nelson Construction Co.* v. *Industrial Com.* 286 id. 632; 1 Honnold on Workmen's Comp. sec. 111; *Papinaw* v. *Grand Trunk Railway Co.* 12 Neg. & Comp. Cas. Ann. (Ill. ed.) 243, and cases cited in note; Harper on Workmen's Comp. sec. 39; Corpus Juris, treatise on Workmen's Comp. Acts, sec. 69.)  There can be no question, under the authorities, that the deceased had a right to be where he was at the time of the accident.  Somewhat analogous as to facts, though with perhaps not the same reason for the application of compensation acts, are those cases where an accident arises from something incidental to smoking, where smoking has not been prohibited by the employer.  Such accidents have frequently been held to be covered by compensation acts as arising out of the employment.  Bradbury on Workmen's Comp.—3d ed.—sec. 88, p. 660; Boyd on Workmen's Comp. Act, (1913,) sec. 482.

In *McLaughlan* v. *Anderson,* 4 B. W. C. C. 376, a workman was injured in attempting to regain his pipe, which he had dropped.  In that case the opinion states (p. 378) : "I think an accident befalls a man 'in the course of' his employment if it occurs while he is doing what a man so employed may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time to do that thing.  Now, this man's operation in getting down from the wagon to recover his pipe seems to me to satisfy all these conditions.  Taking them in their inverse order, he had a right to be at the place, riding or walking beside the wagons; he was within the time during which he was employed, because the accident happened during the actual period of transit; and he was doing a thing which a man, while working, may reasonably do.  A workman of his sort may reasonably smoke, and he may reasonably drop his pipe, and he may reasonably pick it up again."

A workman during a lull in his work struck a match to light a cigarette, which ignited an apron which he had on and which his work required him to wear and which had naturally become oil-soaked. The employer was held to be liable under the Workmen's Compensation act. *Dzikowska* v. *Superior Steel Co.* 259 Pa. 578.

In another case, where the accident was somewhat similar to the one here under consideration, the cause of the fire was not directly shown. The employee had on his working clothes and the flannel shirt he wore had become somewhat saturated with oil from his work. There was no rule against smoking in the factory. His shirt became ignited and he was injured and was permitted to recover. *Chludzinski* v. *Standard Oil Co.* 162 N. Y. Supp. 225.

In a number of cases shown in a note to *Standard Oil Co.* v. *Reagan,* 8 Neg. & Comp. Cas. 209, employers have been held liable for injuries arising from employees or others causing explosions, striking matches, and the like. In the *Chludzinski case, supra,* although smoking was prohibited and matches were not required in the performance of the duties of the deceased, yet so far as shown there was no rule against carrying matches or any further prohibition against the risk of igniting materials.

Counsel for plaintiff in error argue that the brother's testimony that deceased told him the matches were ignited by striking against the locker was hearsay testimony and therefore improperly admitted. We do not see how counsel for plaintiff in error are entitled to raise this question. That evidence was brought out on cross-examination by counsel for plaintiff in error, and we can find no objection made to it or motion to strike it from the record. The word "accident," as used in the Workmen's Compensation act, should not be construed technically. It was meant to include every injury suffered in the course of employment "for which there was an existing right of action at the time the act was passed; also to extend the liability of the em-

ployer to make compensation for injuries for which he was not previously liable and to limit such compensation. If an injury can be traceable to a definite time, place and cause, and the injury occurs in the course of the employment, the injury is accidental within the meaning of the act." (*Baggot Co.* v. *Industrial Com.* 290 Ill. 530.) The injury, to be accidental, "must be traceable to a definite time, place and cause, but if there is such a definite time, place and cause and the injury occurs in the course of the employment the injury is accidental within the meaning of the act. * * * While it is not intended, and perhaps not possible, to give a definition of the words used in the act as applied to all possible circumstances, it may safely be said that an injury is accidental, within the meaning of the act, which occurs in the course of the employment unexpectedly and without the affirmative act or design of the employee." *City of Joliet* v. *Industrial Com.* 291 Ill. 555.

Carrying matches is a very common practice among men—especially those who smoke—in all employments, and unless expressly prohibited, where the surroundings are not apparently dangerous for employees to carry matches, it could hardly be held unreasonable, as a matter of law, for an employee, under the circumstances here shown, to have matches in his possession. Under the evidence in this record we think the Industrial Commission was justified in finding that it was a reasonable inference that the accident arose out of and in the course of the employment, and there being such evidence in the record, it cannot be held as a matter of law by the court that such accident did not arise out of or in the course of the employment.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*