## HAUBROCK v. LAMPING.

*Negligence—Evidence—Exception to hearsay rule—Statement by plaintiff to witness as to circumstances of injury—Knowledge of witness concerning situation existing prior to accident—Admissible to prove whether plaintiff trespasser, licensee or invitee—Duty of landlord toward licensee—Evidence warranting finding that condition of passageway a pitfall—Question for jury whether plaintiff a licensee or invitee—Evidence sufficient to submit case to jury.*

1. Statement by injured person as to circumstances of injury, made immediately after injury in presence of person testifying as to certain circumstances observed by him, is admissible as exception to hearsay rule.
2. In action for injuries, exclusion of testimony of defendant's former partner that passageway between buildings was used by servants, delivery men, and persons having business with tenants, that it was dark and unguarded, and that light was always kept at a pit, on ground that her knowledge was concerning a situation existing prior to accident, and before alterations of buildings, *held* error; such testimony, with other facts, being admissible on issue whether plaintiff, a tenant's employe, was trespasser, licensee, or invitee.
3. It is landlord's duty not to expose licensee on premises to hidden dangers, pitfalls, or obstructions.
4. Evidence *held* to warrant finding that unguarded pit leading to basement entrance, in passageway between two buildings, constituted a pitfall as to licensees.
5. Whether plaintiff, who was injured by falling into unguarded pit in passageway between two buildings while going to work for one of defendant's tenants, was licensee or invitee *held* question of fact for jury.
6. Evidence as to whether plaintiff was injured by falling into

[1] Evidence, 22 C. J. §§ 186, 545, 551; [2] Landlord and Tenant, 36 C. J. § 974 (Anno.); [3] Negligence, 29 Cyc. p. 450; [4] Landlord and Tenant, 36 C. J. § 975; [5] Id., § 976; [6] Id.

unguarded pit in passageway between defendant's buildings while going to work for one of defendant's tenants *held* sufficient to go to jury.

(Decided November 30, 1925.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Allen C. Roudebush,* for plaintiff in error.
*Mr. Oscar W. Kuhn,* for defendant in error.

HAMILTON, J. Plaintiff in error, Mary Haubrock, brought suit against the defendant in error, Lamping, to recover for personal injuries claimed to have been received on the property of Lamping. Prior to the trial of the case, Lamping died, and the suit was revived against his administrator.

Lamping was the owner of properties on Reading road, known as lots 3512, 3514, and 3516, all of which he rented to tenants. Between the buildings on lots 3512 and 3514 was an open passageway from the street, leading back to the entrances to the buildings in the rear. This was a cement passageway a few feet wide. A few feet back from the street entrance to the passageway was a pit into which steps led to the entrance of a basement under the building on lot 3512, which basement was used as a tinshop. The pit required several steps to get to the bottom. Steps then led out of the pit toward the rear of the passageway.

At the time of the accident, there was no light or other protection or warning at the pit.

It appears from the record that one Rose Seiler was a tenant of the building on lot 3516, and in the front of the building maintained a bakeshop, in the rear of which was a kitchen; that on lot 3514

was a dining room, known as the Toad Stool Inn, in the rear of which was a large dance hall; that Rose Seiler, from her kitchen, furnished sandwiches to the guests in the dance hall; and that on the day in question she engaged plaintiff to come to her kitchen to make sandwiches, and to come about 8 o'clock in the evening. It further appears that the kitchen from which service had been rendered the dance hall was formerly at the end of the passageway in question, in the shape of an L on the rear of the dining hall, and that it was dark when plaintiff left to go to the place of employment in the kitchen of Rose Seiler.

It is to be noted that the plaintiff could not testify, being an incompetent witness under the statute.

The next that is seen of her is where she appears in the bakeshop of Rose Seiler, when she stated, as offered to be testified to by Rose Seiler, that she had fallen in the pit in the passageway and injured herself, and immediately fainted, and was taken to the hospital. Her statement to Rose Seiler, as endeavored to be introduced through Rose Seiler, was objected to, and the court excluded it as hearsay. This is one of the errors complained of. The law applicable to this kind of testimony is fully discussed and decided in the case of *Taylor* v. *Industrial Commission*, 13 Ohio App., 262, at page 264, as follows:

"Evidence of the statement by the party injured declaring the circumstances of the injury, * * * where the statement is made immediately after the injury, in the presence of the person testifying, who asserts the circumstances as observed by him,

* * * constitutes an exception to the hearsay rule and is admissible.''

The trial court, therefore, committed error in excluding the testimony of Rose Seiler as to the statement claimed to have been made by plaintiff concerning the method of her injury.

At the close of plaintiff's evidence, the defense moved that the case be arrested from the jury, and that the court direct a verdict in favor of the defendant. The trial court sustained the motion, and directed a verdict for the defense, on the ground, as stated in the opinion, that the plaintiff was a mere licensee or a trespasser, and that the defendant owed her no duty.

If the court was correct in this view of the case, the errors with reference to the admission and exclusion of evidence would be immaterial.

Daisy Merchant, a former tenant of the dance hall and the kitchen from which service was rendered to the guests, was introduced by the plaintiff to give testimony as to the custom and use of the passageway in question, and the operation of the plant, and location of the buildings in general. It appears, as heretofore stated, that there had been a rearrangement of the buildings, so that the kitchen was located north of the dance hall, instead of south, as formerly, when tenanted by Daisy Merchant. Daisy Merchant and Joseph Lamping, the defendant, were partners in the operation of the plant. Merchant testified that the hallway was used by the servants, delivery men, and any one having business with the tenants; that the passageway was dark, and they always kept a light at the pit in question; and that there was no

railing around the pit. Her testimony was excluded by the court on the ground that her knowledge was concerning a situation existing prior to the happening of the accident. This was error.

From the testimony of Daisy Merchant, in connection with other facts, the jury might ascertain whether the plaintiff was a trespasser or licensee, or an invitee. There is no evidence that any employe or tenant of any of the properties was not entitled to use this passageway. There is no question that the jury would have been justified in finding that the plaintiff was a licensee from the facts adduced, and, as stated in the case relied upon by the trial court, *Hannan, Admr.,* v. *Ehrlich,* 102 Ohio St., 176, 131 N. E., 504, the landlord owed the duty of not exposing a licensee to hidden dangers, pitfalls, or obstructions. If we measure the situation by this rule, the jury might well find that the maintenance of the pit in the open passageway leading from the street, unprotected, was a pitfall, which would bring the case within the rule as to licensees.

We find nothing in the evidence to show that plaintiff was a trespasser. Whether or not she was a licensee or an invitee was a question of fact. There is some evidence tending to show either situation. The trial court was, therefore, in error in directing the verdict for the defense; there being some evidence to prove all the material allegations of the petition.

It is urgd by the defendant in error that there is no evidence tending to show that the plaintiff was injured in the pit; that, while the evidence discloses that plaintiff's work apron, in a little bun-

dle, and her pocketbook were found lying at the bottom of the pit, this did not tend to prove she was injured there.    Whether or not this was sufficient to take the case to the jury it is not necessary to pass upon since we hold that her statement to Mrs. Seiler that she had fallen in the pit and injured herself was admissible evidence, and that statement, in connection with the finding of her apron and pocketbook, was amply sufficient to take the case to the jury.

For these errors, the judgment will be reversed, and the cause remanded for a new trial.

*Judgment reversed.*

BUCHWALTER, P. J., and CUSHING, J., concur.