AMY BODIE, Respondent, v. NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, Appellant.*— Judgment reversed on the law and complaint dismissed, with costs. Plaintiff, one of defendant's employees, claims to have

*Affd., 264 N. Y. 556.

been injured as the result of a fall down a flight of steps in the approach to defendant's building where she was employed, which steps it is alleged were unsafe. Defendant, it may be assumed, is a public utility corporation supplying electricity to the residents of Queens county. Plaintiff's claim is that, while her employment began at nine o'clock in the morning, she arrived at defendant's building at eight-thirty o'clock, intending first to pay an electric light bill and afterwards to report for work. She fell while entering the building. One of the defenses established is that defendant had secured to its employees, including plaintiff, compensation for injuries arising out of and in the course of employment pursuant to the provisions of the Workmen's Compensation Law. The sole question of law is whether plaintiff's intent to pay her electric light bill before reporting for work takes this case out of the category of the cases arising under the Workmen's Compensation Law for injuries sustained while in the course of her employment, and renders the defendant liable in a common-law action. We think not. (*Etherton* v. *Johnstown Knitting Mills Co.*, 184 App. Div. 820; *Donlon* v. *Kips Bay Brewing & Malting Co.*, 189 id. 415; *Matter of Driscoll* v. *Gillen & Sons Lighterage, Inc.*, 187 id. 908; affd., 226 N. Y. 568; *Matter of Moore* v. *Lehigh Valley R. R. Co.*, 217 id. 627; *Matter of Waters* v. *Taylor Co.*, 218 id. 248; *Martin* v. *Metropolitan Life Insurance Co.*, 197 App. Div. 382; affd., 233 N. Y. 653; *Matter of Lynch* v. *City of New York*, 242 id. 115; *Matter of Ross* v. *Howieson*, 232 id. 604.) While payment by the plaintiff of her electric light bill was to have been her first act, it was not the primary purpose for which she entered upon the defendant's premises. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Carswell and Davis, JJ., concur for reversal on the ground that the verdict is against the weight of evidence on the question of defendant's negligence and on the question of the time of the accident; but dissent from that part of the decision which dismisses the complaint, on the ground that there is a question of fact as to whether, when plaintiff entered the building, she did so as a member of the public for the purpose of paying a bill, and was thereby disassociated from her regular employment and her duty in furthering the interests of her employer — or had entered for the purpose of taking up her customary duties as a regular employee, and thereby became identified with her work. (*Meo* v. *Bloomgarden*, 237 App. Div. 325.) The cause of action was not barred by the acceptance of small installments of compensation from the defendant. (*Larscy* v. *Hogan & Sons*, 239 N. Y. 298; *Fitzgerald* v. *Harbor Lighterage Co.*, 244 id. 132.)