554

In the Matter of the Claim of LEONARDO GUIDO, Respondent, against TERRA-RUBE CONSTRUCTION CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 23, 1959.

*Barry, Treanor, Shandell & Brophy,* (*Bernard F. Farley* of counsel), for appellants.

*Jacowitz & Bardack* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*John J. Reilly* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J. These are appeals from decisions and an award of the Workmen's Compensation Board for death benefits payable to an alleged dependent father and five minor children, brothers and sisters of the decedent.

Decedent was employed as a laborer on a construction project at Yorktown Heights, at or near Peekskill, New York, which had to do with the building of one-family homes. He lived in Brooklyn, and since the distance between his home there and the work site was considerable, involving more than

an hour's journey by car, it seems to be conceded by everyone that it was impractical for him to travel daily the distance to and from work. The same held true for several of his coemployees, and the employer furnished them, including the decedent, a house on the work site to live in. For a time they cooked their own meals on the premises but later they became dissatisfied with that arrangement and decided to take their meals at a restaurant known as Nino's, located not quite two miles from the site of their work. With this arrangement the employer had nothing to do, in fact there is no proof in the record that anyone representing the employer knew that decedent and others were eating at any particular restaurant. As a matter of fact some of the other employees ate elsewhere, according to the record. Decedent and his group sometimes used one of their own cars to get to Nino's and at other times they used a jeep owned by the employer, and it is conceded that the use of the jeep was known and permitted by the employer. The men paid for their own meals and were not reimbursed by the employer.

There is testimony, not disputed, that it was the invariable custom of decedent's group to stop working at five minutes to 12 noon and start for lunch at Nino's; and while they were only supposed to take half an hour for lunch they used to take from 35 to 40 minutes, making up any lost time at the shank end of the afternoon. On the day the fatal accident happened decedent and his coemployees were using the employer's jeep, and on the return journey from lunch decedent accidentally fell from the jeep, struck and fractured his skull and died the same day.

On the basis of the foregoing facts the board has found that decedent's accidental injury and resultant death arose out of and in the course of his employment. Unless the limit of an employment relation is to be extended farther than it ever has been before in this State I can find no substantial justification for the board's finding on this record. No lunch time accident case decided in this State poses a similar state of facts or furnishes support for the crucial finding by way of analogy. And the same may be said of the cases cited by respondent on the main issue of whether the accident arose out of and in the course of employment.

Support for the board's finding on this record must of necessity rest upon two factors: (1) that the employment took the decedent such a distance from home that the employer provided means for him to live on the premises; (2) the employer per-

mitted the use of the jeep, but did not require the use thereof, for decedent and others to travel to and from the work site for the purpose of getting their meals. However the proof discloses no arrangement on the part of the employer to furnish meals, indeed the evidence is distinctly to the contrary. The men, including decedent, paid for their own meals, and for aught that appears decedent was free to eat at any place that was convenient and desirable from his viewpoint; and in this connection it cannot be overlooked that some of the other employees ate at different places. Decedent had time off for his lunch. Where he ate it was a matter of indifference to the employer so far as this record discloses, and hence permission to use the employer's jeep can hardly be said to be a decisive factor in determining the issue of whether the accident arose out of and in the course of employment. It was merely a mode of conveyance which the decedent was free to use or not as he chose. Where the employer furnishes transportation merely as a matter of accommodation the same is regarded as a gratuity and not a part of the employment (*Green* v. *Travelers Ins. Co.*, 286 N. Y. 358, 362).

Thus on the whole it is difficult to see how decedent's lunch time was tied up with his employment anymore than in the conventional case where an employee goes off the premises of fixed employment to eat. In such a case, and in the absence of special circumstances, such as a direction on the part of the employer, performance of some duty during the lunch hour, or a lunch period at some odd time caused by something connected with the work, an employee is not considered to be in the course of his employment (*Matter of Caporale* v. *State Dept. of Taxation & Finance*, 2 N Y 2d 946; *Matter of Bollard* v. *Engel*, 254 App. Div. 162, affd. 278 N. Y. 463; *Matter of Sheehan* v. *Board of Trustees of Vil. of Schuylerville*, 260 App. Div. 825).

Some excerpts from Larson's work on compensation are cited by respondent to sustain the award (Vol. 1, § 15.52) but they do not seem to me to fit the facts of this claim. If there had been a direction by the employer to use the jeep, or if the jeep had been driven by someone representing the employer, the case might be different; or if the trip had been taken under special circumstances to suit the employer's convenience the reasoning stated by Larson might apply. One of the cases cited by Larson is *Matter of Sihler* v. *Lincoln-Alliance Bank & Trust Co.* (280 N. Y. 173) but in that case the employer agreed to transport the employee to his home, and the latter was

injured before he actually reached his home. Such a situation of course is not embraced here.

The decisions and award should be reversed and the claim dismissed.

BERGAN, J. (dissenting). The job to which the employer brought the deceased workman was at a considerable distance from his home — so far away that it would require three hours a day traveling time to work on that job; and for the convenience of the employer and to save expense of daily transportation, or of travel-time payments, the employer furnished living quarters to the decedent workman.

That this arrangement, by which the employer took the employee out of his usual environment and away from his home was beneficial to the employer is wholly undisputed in the record by appellants, although a witness purporting to know the facts was called by the employer and carrier before the Referee.

By a long series of decisions culminating in *Matter of Schreiber* v. *Revlon Prods. Corp.* (5 A D 2d 207), such a control of the full environment of the employee by the employer for the latter's benefit brings ordinary activity within the scope of the work. In *Schreiber,* the claimant, a traveling trainee consultant, fell on a public sidewalk in a city where she had gone in the employer's business, distant from her home, while she was going to her dinner. In support of the same principle, see *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.* (304 N. Y. 461); *Matter of Tushinsky* v. *National Broadcasting Co.* (265 App. Div. 301, appeal dismissed 292 N. Y. 595); *Matter of Schneider* v. *United Whelan Drug Stores* (284 App. Div. 1072); *Matter of Daly* v. *State Ins. Fund* (284 App. Div. 174, motion for leave to appeal denied 307 N. Y. 942); *Matter of Commissioner of Taxation & Finance* v. *Katherine Gibbs School* (277 App. Div. 126, motion for leave to appeal denied 301 N. Y. 813); *Matter of Blake* v. *Grand Union Co.* (277 App. Div. 914, motion for leave to appeal denied 301 N. Y. 813).

Besides this, the actual vehicle in which decedent was killed was owned by the employer; and the proof in the record that the jeep was used with employer's permission and consent to transport employees to a restaurant is not disputed. If the injury had occurred while an employee was using a cafeteria on the employer's premises, the rule imposing compensation liability could scarcely be stronger than it is in this case.

We are of opinion, however, that the dependency of the father on the decedent has not been established. The award should

be modified to strike out benefits to the father; and as thus modified it should be affirmed.

COON and REYNOLDS, JJ., concur with FOSTER, P. J.; BERGAN, J., dissents in an opinion in which GIBSON, J., concurs.

Decisions and award reversed, without costs, and the claim dismissed.