■ In the Matter of the Claim of VICTORIA BARRETT, Respondent, v. AL CHARYN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision

and award of the Workmen's Compensation Board for death benefits. Decedent died in his employer's panel truck from asphyxia by carbon monoxide resulting from his use of a charcoal-burning heater improvised from two cans. A partly consumed bottle of wine was found under his body and tests following autopsy disclosed 0.35% alcohol in his brain. Appellants contend, first, that decedent's accidental death, while resting during his lunch hour, was the result of a personal act performed in disobedience of the employer's order forbidding him to use the heating device, and was thus without the employment (*Matter of Boggan* v. *Abby Finishing Co.*, 11 A D 2d 591; 1 Larson, Workmen's Compensation Law, §§ 31.00, 31.12); and, second, that death was due solely to intoxication (Workmen's Compensation Law, § 10). There was ample evidence that decedent was permitted to eat and rest in the truck during the usual lunch hour and it is inferable that on some occasions at least this practice benefited the employer, as when he would eat " on the run " while making a distant delivery or take his lunch hour and eat and rest in the truck on returning to the premises after the noon hour. Thus, the accident, which occurred not long after noon, was within the time and space limits of the employment and the issues narrow to that of a supposed departure from it. As to this, however, appellants' case rests solely on the testimony of the employer's foreman, Mr. Charyn. The board was, of course, entitled to reject his version and to find, upon the testimony of other witnesses, that the " employer objected to " the use of the heater " and had several arguments with decedent but did nothing further ", thus approving the Referee's finding that, " The rule against the use of cans of charcoal for warming purposes was not enforced." There was undisputed evidence that the truck heater was out of order for a long time and that, despite two employees' complaints, the employer did nothing to fix it and thus knew that the situation continued. There was testimony that " the boss " — decedent's supervisor for about 14 years — knew of decedent's use of the charcoal heater and " used to tell him not to use it but he kept using it "; that decedent used it " mostly every day ", when the truck was parked but 10 feet from the store where the boss worked; that decedent obtained charcoal from the employer's stock in trade and that, as two coemployees testified, the boss " kept telling him " not to use the charcoal, this on " quite a few occasions "; the foreman himself testifying that the day before the accident he saw decedent taking charcoal out and " knew what he was going to do " and that " I saw him break the bags of charcoal. We sold the charcoal. We didn't want him to take it." So far as appears, this last incident met with no remonstrance but, in any event, the foreman's testimony last quoted, elicited on cross-examination, could be found thoroughly inconsistent with his previous testimony that on this same day he had taken the heater away from. decedent and threatened him with dismissal should he use it again. In the evidence quoted and upon the record as a whole there is ample warrant for the conclusion that the rule was abrogated as a result of decedent's habitual disregard of it with his employer's knowledge and acquiescence. (*Matter of Archambald* v. *Lake Champlain Pulp & Paper Co.*, 204 App. Div. 651; *Matter of Etherton* v. *Johnstown Knitting Mills Co.*, 184 App. Div. 820; 1 Larson, Workmen's Compensation Law, § 33.30.) As respects the second ground urged for reversal, it is clear that the board was not required to find that death was " solely occasioned by intoxication ". (Workmen's Compensation Law, §§ 10, 21, subd. 4; *Matter of McKenna* v. *Atlas Equip. Corp.*, 300 N. Y. 317; *Matter of Smyth* v. *Pinkerton Nat. Detective Agency*, 4 A D 2d 726.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur; Reynolds, J., dissents and votes to reverse.