■ In the Matter of the Claim of MARTHA LAZARUS, Widow, Respondent, v. JAYSO ELECTRONICS CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision awarding death benefits. The decedent worked for the employer corporation engaged in selling radio and television parts and supplies. The store was operated by the president of the corporation, his brother and the decedent, all of them performing the same kind of work with no special assignment for any one. The decedent lived four blocks from the store, was given an hour for lunch and was permitted, as were the other two employees, to take the company truck if he or they wanted to and while ordinarily the lunch hour was 12 to 1, it was adjusted subject to the operation of the business. The record substantiates the board's finding that decedent was both an inside and outside worker — he was a counter man, general helper and truck driver for the purpose of making deliveries — and that the employer acquiesced in the decedent using

the truck to go to lunch, which some times resulted in his return before the expiration of the hour, and that such practice had become a "pattern of employment". It can readily be spelled out from this record that the relationship between the president of the corporation, his brother and decedent was one of interchangeability among themselves so far as the duties and obligations of the corporation were concerned and that they were not governed by any set rules or restrictions. The Referee aptly summed up the facts when he observed: "The case before us is a very small operation. In fact, this Gentleman, the decedent, was the only employee outside of the two owners or the owner and his brother. He evidently did everything. There was no fixed lunch hour here. The man went out to lunch at different times during the day, depending upon the pressure of business and the amount of work." Under the present circumstances, precedent is of little value or consequence. The decisions relied upon by the appellants, particularly *Matter of Guido* v. *Terra-Rube Constr. Corp.* (7 A D 2d 554, affd. 10 N Y 2d 858) are readily distinguishable. In the cited case, the employees, being dissatisfied with the arrangements made for them by the employer, undertook different means to furnish their meals. It could be and was spelled out of those facts that the use of the employer's truck was a matter of accommodation but those factual problems are not analogous to the present facts and, therefore, not controlling. Here, decedent was an inside · and outside worker and the use of the company-owned truck, while convenient .to him, was often dictated by the exigencies of the business and therefore redounded primarily to the employer's benefit. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Taylor and Aulisi, JJ., concur; Reynolds, J., dissents on the authority of *Matter of Guido* v. *Terra-Rube Constr. Corp.* (7 A D 2d 554, affd. 10 N Y 2d 858).