█ In the Matter of the Claim of PETER BENNERSON, Respondent, v CHECKER GARAGE SERVICE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 30, 1975. Claimant was employed as a utility helper or auto mechanic helper in his employer's garage at 55th Street between 11th and 12th Avenues in New York City. He worked on the night shift from 11:00 P.M. to 8:00 A.M. with an hour out for lunch. He assisted the mechanics in the garage and went on road calls to assist disabled taxicabs owned and operated by his employer. To service disabled taxicabs, the employer supplied a special cab which contained equipment and supplies. On August 27, 1974 on his lunch hour between 3:00 and 4:00 A.M. claimant took a taxicab of his employer from his employer's garage at 55th Street to drive to 42nd Street, Times Square, New York City, to a store for his lunch. Claimant was seriously injured when the taxicab operated by him struck a pole under the Westside Highway at 46th Street and 12th Avenue. The taxicab involved in the accident was not the taxicab with supplies and equipment which claimant drove on road calls. On this appeal appellants claim (1) that there is insufficient evidence as a matter of law to support the board's finding that claimant was authorized by his employer to drive the taxicab on his lunch hour to obtain lunch; (2) that claimant's injury did not arise out of or in the course of his employment, and (3) that there was no evidence to support the board's finding that the taxicab driven by claimant went out of control but the uncontradicted proof demonstrated claimant "lost control of the cab". The claimant's negligent operation of the taxicab would not bar an otherwise valid claim to compensation (Workmen's Compensation Law, § 10). The evidence to support the board's finding that claimant was authorized to use a taxicab of his employer to obtain lunch, seems to warrant only a contrary finding, but since it is not dispositive of this case, we do not hold the evidence insufficient as a matter of law. The board claims that appellants did not raise the issue that claimant's injury was not sustained in the course of his employment before the board and, consequently, it could not be considered by the board. We find no merit therein. In appellants' written application to the board for review of the referee's decision, appellants requested, among other things, "a finding of no accident arising out of and in the course of employment". The board considered this matter and made a finding that claimant sustained "an accidental injury arising out of and in the course of his employment". We conclude that claimant did not receive an injury which arose out of and in the course of his employment. The record is clear that claimant was on his lunch hour at the time of the accident and was performing no duties for his

employer. Where claimant ate was a matter of indifference to the employer. Claimant's use of his employer's taxicab is not a decisive factor in determining the issue of whether the accident arose out of and in the course of employment *(Matter of Guido v Terra-Rube Constr. Corp.,* 7 AD2d 554, affd 10 NY2d 858). "It is difficult to see how decedent's lunch time was tied up with his employment anymore than in the conventional case where an employee goes off the premises of fixed employment to eat. In such a case, and in the absence of special circumstances, such as a direction on the part of the employer, performance of some duty during the lunch hour, or a lunch period at some odd time caused by something connected with the work, an employee is not considered to be in the course of his employment" (p 556). We find no special circumstance to warrant a holding that claimant's injury arose out of and in the course of his employment. Decision reversed, and claim dismissed, with costs. Sweeney, J. P., Main, Larkin and Reynolds, JJ., concur; Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). The only issue of any merit raised by the appellants is whether or not the fact that the claimant was on his way to eat lunch is sufficient to require a finding as a matter of law that he was not in the course of his employment. The record establishes that the claimant is both an inside and outside worker. The board found that it was the employer's practice to furnish transportation to obtain lunch. Under the circumstances disclosed in this case, it cannot be said that the use of the automobile was not in the course of the employment as a matter of law. (See *Matter of Lazarus v Jayso Electronics Corp.,* 25 AD2d 806, affd 19 NY2d 616; cf. *Matter of Guido v Terra-Rube Constr. Corp.,* 7 AD2d 554, affd 10 NY2d 858.) The board found "based on the credible testimony and the medical evidence" that the accident arose out of and in the course of employment. There is in the record substantial evidence to sustain the factual finding. The decision should be affirmed.