■ In the Matter of the Claim of ALBERT NATTIER, Respondent, v ELMSFORD TRANSPORTATION CO. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 15, 1980. Claimant was employed as a driver for a school bus and messenger service. Company policy permitted some drivers, including claimant, to take their assigned vehicles home at night and return to work with them the following workday. All expenses of operation and maintenance were assumed by the employer. Although a company rule prohibited the use of such vehicles for personal reasons without a supervisor's permission, drivers routinely did so with the employer's knowledge and escaped sanction. Shortly after midnight on Sunday, December 10, 1978, as he was driving home after visiting a friend, claimant sustained personal injuries when the school van assigned to him went into a skid, left the highway and struck a tree. He attributed the skid to a defect in the steering mechanism which caused the vehicle to shake violently at certain speeds, a matter which, allegedly, he had previously reported to the employer. The board found the incident to be compensable and made an award. It is quite plain that at the time of the accident claimant was engaged in personal activity. The fact that the employer knew some of its workers violated the rule concerning the use of its vehicles on occasion does not, in our view, produce covered employment. Claimant's activities in the instant case are factually distinguishable from those where the violation of an employer's safety or work rule resulted in a finding of injuries arising out of and in the course of employment (see *Matter of Holcomb v Daily News,* 45 NY2d 602; *Matter of Barrett v Al Charyn, Inc.,* 13 AD2d 863). Moreover, his actions could not possibly be regarded as benefiting his employer. Since the accident arose in the pursuit of wholly personal goals, and the factual pattern does not fall into any recognized exception, the decision must be reversed and the claim dismissed (cf. *Matter of Bennerson v Checker Garage Serv. Corp.,* 54 AD2d 1042; *Matter of Gruntler v Home Reader Serv.,* 19 AD2d 670). Decision reversed, and claim dismissed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.