■ In the Matter of CATHERINE ANN BOND, Appellant, v SUFFOLK TRANSPORTATION SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [889 NYS2d 497]—

Spain, J.

Claimant, a school bus driver, was injured when she slipped and fell exiting a bus outside of her home and sought workers' compensation benefits. A Workers' Compensation Law Judge determined that claimant's injury had not been sustained in the

course of her employment and, upon review, the Workers' Compensation Board agreed. Claimant now appeals.

We affirm. In order for an accident to be compensable, it must have arisen out of and in the course of employment (*see* Workers' Compensation Law § 2 [7]; § 10; *Matter of Nkrumah v Thomas,* 61 AD3d 1325, 1327 [2009]). The record here shows that claimant had a split work shift consisting of morning and afternoon bus runs, with several hours off duty in between. During what claimant referred to as her "break" period, she was permitted to drive the bus to her home, where her fall occurred. No evidence was produced to show that the employer retained any control or authority over claimant in the period between the bus runs or that her use of the bus had any relationship to her employment or benefit to her employer. Claimant now attempts to rely upon the presumption of compensability contained in Workers' Compensation Law § 21 (1) to establish such a relationship, but that statute does not wholly relieve her of the burden of demonstrating that the accident occurred in the course of, and arose out of, her employment (*see Matter of Malacarne v City of Yonkers Parking Auth.,* 41 NY2d 189, 193 [1976]; *Matter of Hansen v Syracuse Home Assn.,* 55 AD3d 1167, 1168 [2008]). Accordingly, we find that the Board's conclusion that claimant's injury did not arise in the course of her employment is supported by substantial evidence (*see e.g. Matter of Smith v City of Rochester,* 255 AD2d 863 [1998]; *Matter of Nattier v Elmsford Transp. Co.,* 81 AD2d 721 [1981]; *Matter of Bennerson v Checker Garage Serv. Corp.,* 54 AD2d 1042, 1042-1043 [1976]; *cf. Matter of McFarland v Lindy's Taxi, Inc.,* 49 AD3d 1111, 1112 [2008]).

Claimant did not raise her remaining contention before the Workers' Compensation Law Judge or the Board and it is accordingly unpreserved for our review (*see Matter of Neville v Magazine Distribs., Inc.,* 61 AD3d 1165, 1166 [2009], *lv denied* 12 NY3d 712 [2009]).

Mercure, J.P., Rose, Kane and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.