By the Court.
 

 This is an action instituted by Donald B. Miles under favor of the Workmen’s Compensation Law against The Electric Auto-Lite Company, as a self-insuring employer, in the Court of Common Pleas of Seneca county, in the nature of an appeal from the Industrial Commission of Ohio. The cause was tried to a jury on a transcript furnished by the Industrial Commission taken on rehearing. There was a verdict for the plaintiff on which judgment was entered. An appeal was taken by The Electric Auto-Lite Company to the Court of Appeals, which court found there was no substantial evidence in the record showing that The Electric Auto-Lite Company was a self-insuring employer, that the company regularly employed three or more workmen, or that the accident complained of happened in Seneca county; and by reason thereof that court reversed the judgment of the Court of Common Pleas. The cause was certified for review to this court by reason of conflict with the case
 
 *614
 
 of
 
 Ohio Bell Telephone Co.
 
 v.
 
 Ray,
 
 decided December 7, 1932, by the Court of Appeals of Harrison county.
 

 Section 1465-90, General Code, reads in part as follows:
 

 “Within ten days after the filing of the answer the Industrial Commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence; but the court may exclude from evidence such portions of the transcript which are not competent, material or relevant evidence and to which objection was made or/and exception taken at such rehearing before the commission and may admit in evidence such competent, material or relevant evidence as was' excluded by the commission at such rehearing, over the objection and exception of the party offering the same.”
 

 In the trial in the Court of Common Pleas compliance was had with the foregoing provision of the statute in respect to the transcript and the admission of evidence.
 

 The first error assigned by the Court of Appeals was that there was no substantial evidence in the record tending to prove that The Electric Auto-Lite Company was' a self-insurer. At the time of the rehearing before the Industrial Commission the defendant knew whether it was a self-insuring employer under the Workmen’s Compensation Act. If it intended to make a defense on that issue it was its duty at that time to have such defense incorporated in the record made on the rehearing, in order that by such transcript such defense might be considered by the Court of Common Pleas. The only avenue through which any evidence on such issue could be received in the Court of Common Pleas was through the transcript of the proceedings at the
 
 *615
 
 rehearing.
 
 Grabler Manufacturing Co.
 
 v.
 
 Wrobel,
 
 125 Ohio St., 265, 181 N. E., 97. The defendant was charged with knowledge of the law in that respect. The same principle applies to claimed error number two in respect to employment by the defendant of three or more persons at the time of the accident. The place to make that defense was in the rehearing before the Industrial Commission. Moreover, we fail to find any such defense affirmatively made at the beginning of the hearing in the Court of Common Pleas, in the motion for a directed verdict at the close of plaintiff’s evidence, in the motion for a directed verdict at the close of all the evidence, or even in the motion for a new trial in the Court of Common Pleas. Having gone through the rehearing before the Industrial Commission and the entire trial in the Court of Common Pleas of Seneca county without having made any affirmative defense in regard to thes'e matters, this court will not listen to them now.
 

 While it, therefore, becomes unnecessary to refer to the transcript in detail, nevertheless, upon examination we find there was sufficient evidence upon which the jury and the Court of Common Pleas could arrive at the verdict and judgment in this proceeding.
 

 The trial in the Court of Common Pleas is in the nature of an appeal from the Industrial Commission. When the action is filed in the Court of Common Pleas the record of the evidence has already been made. The only purpose of the pleadings is to properly start the action, give due notice by summons to the defendant, whether it be the Industrial Commission or the employer, and to set forth concisely the character of the action involved. Since the only purpose of the trial in the Court of Common Pleas is to “determine the right of the claimant to participate or to continue to participate in such fund” from the evidence contained in the transcript, the is'sue in reality has already been made. As set forth in Section 1165-90, General Code,
 
 *616
 
 the law has defined that issue to be the “right of the claimant to participate- or to continue to participate in such fund.” If there be questions relating to procedure or jurisdiction, which the defendant wishes to raise, timely objection, by motion or other objection, should be made before the introduction of evidence.
 

 It has been recognized from the beginning that the Industrial Commission, in its' administration of the Workmen’s Compensation Law, is not to be regarded as an adversary of the claimant as in other litigation. As was well said by Nichols, C. J., in
 
 Roma
 
 v.
 
 Industrial Commission,
 
 97 Ohio St., 247, at page 252, 119 N. E., 461. “The state of Ohio by the very terms of the law becomes' in fact the representative, if not the champion, of the claimant, to the extent of seeing that exact justice is done him, and it is quite manifestly the intention of the law that the ordinary rules of procedure, although wise and fair in the abstract, must give way, if, in adhering to them, any conclusion even savoring of injustice would result.”
 

 As a further indication of the character of the proceedings had in an Industrial Commission case, we need only point to the fact that after trial is had in Common Pleas Court to “determine the right of the claimant to participate,” if the verdict be in favor of the claimant, the proceedings are returned to the jurisdiction of the Industrial Commission to determine the extent of disability and amount of compensation to be awarded therefor. In other words, the entire proceedings, while subject to the rules and regulations provided by law, should be so administered as “to carry out justly the spirit” of the law as required by Section 1465-91, General Code.
 

 The only remaining question is whether the action was instituted by the plaintiff in the proper county. That part of Section 1465-90, General Code, pertinent to such subject reads as follows: “The claimant within sixty days after receipt of notice of such action of the
 
 *617
 
 commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, or in the Common Pleas Court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio.”
 

 In the instant action the plaintiff filed his petition in the Court of Common Pleas of Seneca county. Thereafter the transcript of the rehearing had before the Industrial Commission was forwarded to the Court of Common Pleas of that county. In the meantime an answer was filed by The Electric Auto-Lite Company which was merely a general denial. Inasmuch as' it appears from the record that the rehearing by the Industrial Commission was had at Tiffin, the county seat of Seneca county, that the defendant was served by the sheriff of Seneca county, that the testimony was to the effect that the branch factory of The Auto-Lite Company was at Fostoria, the greater part of which is in Seneca county, this court will not listen to a technical defense now, when the defendant remained silent on this point all through its participation in the rehearing before the Industrial Commission and in the trial in the Court of Common Pleas of Seneca county.
 

 The case of
 
 Industrial Commission
 
 v.
 
 Weigand,
 
 128 Ohio St., 463, 191 N. E., 696, is readily distinguished from the present proceeding for the reason that in that cause the question of jurisdiction was' affirmatively raised by the defendant in the Court of Common Pleas. In that case, at the very beginning of the trial, the defendant objected to further proceedings and moved the court to dismiss the cause'for the reason that the court had no jurisdiction of the subject-matter thereof. No such motion was made by the defendant in the instant case. Moreover, we fail to find a single statement in the brief of the defendant, or in the transcript, that the accident in question did not occur in Seneca county where the action was filed in Common Pleas Court. In the absence of any proof to the contrary,
 
 *618
 
 the regularity and legality of the proceedings in the Court of Common Pleas of Seneca county will he presumed.
 

 The judgment of the Court of Appeals will be reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.