**HANLEY, Appellant,**

**v.**

**DAIMLERCHRYSLER CORPORATION et al., Appellees.**

[Cite as *Hanley v. DaimlerChrysler Corp.*, 158 Ohio App.3d 261, 2004-Ohio-4279.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–03–084.

Decided Aug. 13, 2004.

Thomas M. Wilson and Brian P. Wyman, for appellant.

Stuart J. Goldberg and Richard L. Johnson, for appellee DaimlerChrysler Corporation.

Jim Petro, Attorney General, and Michael A. Vanderhorst, Assistant Attorney General, for appellee Administrator of Workers' Compensation.

Lanzinger, Judge.

{¶ 1} Robert Hanley appeals the decision of the Wood County Court of Common Pleas granting summary judgment to DaimlerChrysler Corporation and the Administrator of Workers' Compensation. Because we conclude that the trial court properly determined that compliance with Resolution R96–1–01 is a prerequisite to a worker's right to participate in the fund, we affirm.

## Background

{¶ 2} On May 29, 2002, Hanley filed a claim with the Bureau of Workers' Compensation ("BWC"), alleging that he had contracted asbestosis in the course of his employment with DaimlerChrysler Corporation ("Chrysler"). On June 14, 2002, the hearing administrator set the claim for hearing before a district hearing officer on "medical sufficiency for statutory exam." The day before the hearing, Hanley's attorney faxed a letter to the district hearing officer, indicating that neither he nor his client would be present for the hearing and that, while a "narrative B-reader report" had been submitted, Hanley was "in the process of obtaining additional medical information in order to facilitate the referral of this matter to a BWC medical specialist pursuant to Industrial Commission Resolution R96–1–01." The letter did not request a continuance of the hearing.

{¶ 3} Neither Hanley nor his attorney appeared at the July 30, 2002 hearing. The district hearing officer noted that Hanley had submitted neither (1) pulmonary functions studies and interpretation by a licensed physician nor (2) an opinion of causal relationship by a licensed physician as required by Resolution R96–1–01. Because of this noncompliance, Hanley's claim was denied. He appealed the order to a staff hearing officer. The claim was set for hearing on September 4, 2002. Once again, Hanley's attorney faxed a letter similar to the one sent to the district hearing officer. Once again, no one appeared at the hearing, and Hanley did not submit the pulmonary functions studies or causal opinion. The claim was again denied, and Hanley filed an appeal. After the commission refused the appeal, Hanley appealed to the Wood County Court of Common Pleas pursuant to R.C. 4123.512.

{¶ 4} Chrysler and the BWC filed motions for summary judgment based upon Hanley's failure to comply with the requirements of R.C. 4123.68(Y) and Resolution R96–1–01. In response, Hanley argued that he was entitled to a de novo appeal to the court of common pleas, that he was not required to submit to a medical examination until after his right to participate had been determined, and that he had never been directed by the BWC to attend a medical examination. The trial court stated that Hanley had the burden of proving each element of his claim. One of those elements was that he "has satisfied any other material issue

to the claim." The trial court determined that the requirements of Resolution R96–1–01 and R.C. 4123.68(Y) were such material issues. It also noted that the legislature had made the medical examination so important that a claimant's failure to cooperate results in a forfeiture of his rights to any benefits. The trial court then granted summary judgment to both Chrysler and the BWC.

## Assignments of Error

{¶ 5} Hanley now appeals and raises the following three assignments of error:

{¶ 6} "1. The trial court erred as a matter of law when it granted defendant [Daimler–Chrysler's] motion for summary judgment based upon a finding that plaintiff failed to exhaust administrative remedies.

{¶ 7} "2. The trial court erred as a matter of law in this workers' compensation matter when it granted defendant employer's motion for summary judgment based upon a finding that a plaintiff employee cannot appeal to the court of common pleas from a denial of the claim by the Industrial Commission of Ohio without first submitting to a state specialist examination, even though there is no other remedy available.

{¶ 8} "3. The trial court erred as a matter of law when it granted defendant employer's motion for summary judgment based solely upon a finding that plaintiffs employees [sic] did not attend an examination by a state specialist even though no such exam was scheduled by the state."

## Standard of Review

{¶ 9} A review of the trial court's ruling on a motion for summary judgment is de novo, and thus we apply the same standard as the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment will be granted only when there remains no genuine issue of material fact and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the [nonmoving] party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095.

### Issues for Review

{¶ 10} Hanley alleges a right to participate in the workers' compensation fund based upon his assertion that he contracted asbestosis in the course of his employment with Chrysler. R.C. 4123.68 provides a nonexhaustive list of occupational diseases that are covered and includes asbestosis. R.C. 4123.68(AA). Another portion of the statute, R.C. 4123.68(Y), provides:

{¶ 11} "Before awarding compensation for disability or death due to silicosis, asbestosis, or coal miners' pneumoconiosis, the administrator shall refer the claim to a qualified medical specialist for examination and recommendation with regard to the diagnosis, the extent of disability, the cause of death, and other medical questions connected with the claim. An employee shall submit to such examinations, including clinical and x-ray examinations, as the administrator requires. In the event that an employee refuses to submit to examinations, including clinical and x-ray examinations, after notice from the administrator, or in the event that a claimant for compensation for death due to silicosis, asbestosis, or coal miners' pneumoconiosis fails to produce necessary consents and permits, after notice from the commission, so that such autopsy examination and tests may be performed, then all rights for compensation are forfeited. The reasonable compensation of such specialist and the expenses of examinations and tests shall be paid, if the claim is allowed, as a part of the expenses of the claim, otherwise they shall be paid from the surplus fund."

{¶ 12} Thus, an examination by a qualified medical specialist pursuant to R.C. 4123.68(Y) is mandatory. See *State ex rel. Marshall v. Keller* (1968), 15 Ohio St.2d 203, 204–205, 44 O.O.2d 184, 239 N.E.2d 85 (discussing examination by a qualified medical specialist for silicosis under former R.C. 4123.68(W)). To implement the mandate to refer claims to a qualified medical specialist, the Industrial Commission adopted Resolution R96–1–01 on February 26, 1996. That resolution states:

{¶ 13} "WHEREAS, pursuant to Section 4121.03(F) of the Ohio Revised Code, the Industrial Commission is responsible for the establishment of the adjudicatory policy under this chapter and Chapters 4123., 4127., and 4131. of the Ohio Revised Code; and

{¶ 14} "WHEREAS, pursuant to the provision of Section 4123.68 of the Ohio Revised Code, before awarding compensation for disability or death due to silicosis, asbestosis, coal miners pneumoconiosis, or any other occupational disease of the respiratory tract resulting from injurious exposure to dust, the Administrator is to refer the claim to a qualified medical specialist for examination and recommendation with regard to diagnosis, extent of disability, or other medical questions connected with the claim; and

{¶ 15} "WHEREAS, questions have arisen regarding the nature of the medical evidence necessary in order to be submitted by the claimant pursuing a claim for an occupational disease of the respiratory tract resulting from injurious exposure to dust, under the provisions of Section 4123.68 of the Ohio Revised Code, prior to the referral of the claim to the Administrator for an examination by a qualified medical specialist.

{¶ 16} "THEREFORE BE IT RESOLVED that it is the policy of the Industrial Commission that at a minimum the following evidence is necessary to be submitted by the claimant prior to the referral of the claim to the Administrator for an examination by a qualified medical specialist pursuant to the provisions of Section 4123.68 concerning claims for occupational diseases of the respiratory tract resulting from injurious exposure to dust:

{¶ 17} "● A written interpretation of x-rays by a certified 'B reader.'

{¶ 18} "● Pulmonary functions studies and Interpretation by a licensed physician.

{¶ 19} "● An opinion of causal relationship by a licensed physician."

{¶ 20} As a result of this resolution, a claimant must submit three pieces of evidence before he or she is referred to a qualified medical specialist. It is the interaction of this resolution with the R.C. 4123.68 mandatory examination that is at issue in this appeal.

## First and Second Assignments of Error

{¶ 21} In the first assignment of error, Hanley argues that the trial court erred by granting summary judgment to appellees on the basis that he failed to exhaust his administrative remedies. In the second assignment of error, Hanley contends that the trial court erred in determining that it lacked subject-matter jurisdiction. A careful review of the trial court's decision in this matter shows that it did not grant summary judgment to appellees on either of these bases. We, therefore, find Hanley's first and second assignments of error not well taken.

## Third Assignment of Error

{¶ 22} In the third assignment of error, Hanley argues that the trial court erred in granting summary judgment to appellees because (1) his claim should have been suspended pursuant to R.C. 4123.53 and Ohio Adm.Code 4121–3–12 for failure to comply with Resolution 96–1–01, (2) the examination by a qualified medical specialist is not warranted until after the claim has been allowed, and (3) even if the examination was mandatory, he was never notified that an examination had been scheduled or that his claim had been referred to a qualified medical specialist.

{¶ 23} First, Hanley argues that his claim should have been suspended pursuant to R.C. 4123.53 instead of being disallowed because he did not attend an examination. Chrysler and the BWC contend that Hanley failed to raise this argument with the court below. Arguments that parties raise for the first time on appeal will not be considered by an appellate court. *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706. Despite the fact that appellate courts review summary judgment decisions de novo, "the parties are not given a second chance to raise arguments that they should have raised below." *Aubin v. Metzger*, 3d Dist. No. 1–03–08, 2003-Ohio-5130, 2003 WL 22229400, at ¶ 10. The suspension argument is being raised for the first time on appeal. We, therefore, will not consider this argument.

{¶ 24} Second, Hanley argues that the examination by a qualified medical specialist is not warranted until after a claim has been allowed. Hanley's contention is based on the fact that R.C. 4123.68(Y) states that it is "[b]efore awarding compensation" that "the administrator shall refer the claim to a qualified medical specialist for examination and recommendation" instead of "before allowance" or "before the right to participate is granted." Because the Industrial Commission has the sole responsibility to determine the extent of the disability and an R.C. 4123.68(Y) examination concerns the extent of disability, Hanley maintains that the trial court erred by granting summary judgment to appellees and thus precluding the issue of his right to participate in the workers' compensation fund.

{¶ 25} Hanley's argument, however, fails based on a plain reading of R.C. 4123.68(Y). The purpose of the examination is not restricted to the extent of the disability, but also encompasses the diagnosis, cause of death, and other medical questions connected with the claim, all of which pertain to the right to participate. In addition, the Fifth District Court of Appeals recently noted in *Etto v. Alliance Tubular Products Co.*, 5th Dist. No. 2003CA00202, 2004-Ohio-3486, 2004 WL 1472544, that the last sentence of R.C. 4123.68(Y) directs compensation for the specialist "if the claim is allowed." The *Etto* court stated that this language "reveals to us that the statutory specialist examination is part of the claim allowance or 'right to participate' process, not something that is meant to take place after the claim has been deemed compensable." Id. at ¶ 14.

{¶ 26} Finally, Hanley argues that the trial court erred by granting summary judgment to appellees because the preconditions to forfeiture did not occur—that is, his claim was never referred to a qualified medical specialist and he did not refuse to attend any examination because he never received notice of an examination. Appellees do not dispute that Hanley's claim was not referred to a qualified medical specialist. They contend, however, that the lack of a referral was based on Hanley's own failure to comply with Resolution R96–1–01, which

requires a claimant to submit three pieces of evidence. Even though he had actually obtained them before the staff officer hearing in September 2002, Hanley never submitted his pulmonary functions studies and causal opinion to the BWC. Appellees contend that Hanley's failure to provide the evidence is the equivalent of failing to attend the examination. Chrysler argues that whether by "oversight or deliberate avoidance" it was Hanley's inaction that prevented the commission from referring the claim to a specialist.

{¶ 27} The Third District Court of Appeals recently faced an almost identical situation. In *Anders v. Powertrain Div., GMC*, 157 Ohio App.3d 815, 2004-Ohio-2469, 813 N.E.2d 923, 33 claimants appealed the denial of their claims based on their failure to submit the pulmonary functions studies and causal opinions. The Third District stated:

{¶ 28} "Moreover, the reason no referral to a qualified medical specialist was made by the administrator was due to the appellants' utter disregard for Resolution R96-1-01. The Ohio Supreme Court has determined that ' "[i]t was never contemplated that a party to an administrative hearing should withhold any defense then available to him or make only a perfunctory or 'skeleton' showing in the hearing and thereafter obtain an unlimited trial de novo." ' *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 82, 679 N.E.2d 706, quoting *Bohn v. Watson* (1954), 130 Cal.App.2d 24, 37, 278 P.2d 454, 462. Although *Foreman* was a mandamus action, the court's rationale in the resolution of that case is equally applicable here. For instance, in *Foreman*, the court stated that ' "the rule compelling a party to present all legitimate issues before the administrative tribunal is required in order to preserve the integrity of the proceedings before that body and to endow them with a dignity beyond that of a mere shadowplay." ' *Foreman*, 79 Ohio St.3d at 82, 679 N.E.2d 706, quoting *Bohn*, 130 Cal.App.2d at 37, 278 P.2d at 462.

{¶ 29} "In *Foreman*, the record revealed that the claimant retired prior to seeking permanent total disability benefits. *Foreman*, 79 Ohio St.3d at 80–81, 679 N.E.2d 706. The employer filed a mandamus action, asserting that the commission failed to address the issue of whether retirement precluded the claimant's eligibility for permanent total disability compensation. Id. While the fact of the claimant's retirement was known to the commission, the employer failed to pursue this issue during the administrative process. Id. at 81, 679 N.E.2d 706. In deciding this case, the court held that parties to an administrative proceeding must fully raise their issues in order to allow for the preparation of the case and to permit the hearing officer to make 'appropriate findings thereon.' Id. at 82, 679 N.E.2d 706. Furthermore, 'to do as the employer suggests would not only deny the claimant a meaningful opportunity to respond, but would also conflict with the court's directive that "[the commission] is not to

be regarded as an adversary of the claimant as in other litigation." ' Id., quoting *Miles v. Elec. Auto–Lite Co.* (1938), 133 Ohio St. 613, 616, 11 O.O. 339, 15 N.E.2d 532." Id. at ¶ 29–30.

{¶ 30} Like the appellants in *Anders,* Hanley was clearly aware that an examination by a qualified medical specialist was required as part of the administrative process. His letters to the district hearing officer and the staff hearing officer are evidence of this. Both letters state that Hanley was "in the process of obtaining additional medical information in order to facilitate the referral of this matter to a BWC medical specialist pursuant to Industrial Commission Resolution R96–1–01." These letters also show that he knew of Resolution R96–1–01 and how to obtain a referral. Hanley never submitted the two missing pieces of evidence to either the BWC or the trial court even though he had the documents. We agree with the Third District that this willful derogation of the administrative process is contrary to the purpose of the proceedings before the BWC and the commission. The examination by a qualified medical specialist is mandatory. Before having that examination, Hanley was required to submit three pieces of evidence. Hanley failed to present those documents and, therefore, failed to satisfy a condition precedent to his right to participate. We find that the trial court did not err in granting summary judgment to appellees. Hanley's third assignment of error is not well taken.

{¶ 31} The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs are assessed to appellant.

Judgment affirmed.

KNEPPER, J., concurs.

SINGER, J., dissents.

SINGER, Judge, dissenting.

{¶ 32} I respectfully disagree with the majority's interpretation of R96–1–01 as read in conjunction with R.C. 4123.68(Y). Specifically, I do not view appellant's failure to comply with R96–1–01 to be the same as a refusal to submit to a medical examination pursuant to R.C. 4123.68(Y).

{¶ 33} Ohio workers' compensation statutes must be liberally construed in favor of the claimant. *State ex rel. Riter v. Indus. Comm.* (2001), 91 Ohio St.3d 89, 742 N.E.2d 615, *Mullins v. Whiteway Mfg. Co.* (1984), 15 Ohio St.3d 18, 15 OBR 15, 471 N.E.2d 1383. R.C. 4121.13(E) empowers the Administrator to adopt rules "relative to the exercise of [its] powers," rules "to govern [its] proceedings," and rules "to regulate the mode and manner of all investigations and hearings." Rules and regulations promulgated by the Industrial Commission to govern its procedures are valid and enforceable unless they are unreasonable or conflict

with statutes covering the same subject. *Columbus & S. Ohio Elec. Co. v. Indus. Comm.* (1992), 64 Ohio St.3d 119, 592 N.E.2d 1367; *State ex rel. Kroger Co. v. Stover* (1987), 31 Ohio St.3d 229, 31 OBR 436, 510 N.E.2d 356; *State ex rel. DeBoe v. Indus. Comm.* (1954), 161 Ohio St. 67, 53 O.O. 5, 117 N.E.2d 925.

{¶ 34} R96–1–01 is merely a rule instructing a claimant on what action to take before the administrator can refer the claim to a "qualified medical specialist." The R96–1–01 requirements must be fulfilled before R.C. 4123.68(Y) is triggered. R96–01–01 is silent regarding the penalty for a claimant's failure to submit the necessary evidence. Appellant in this case has yet to submit the required evidence. Until appellant does submit the evidence, the administrator cannot refer him for an examination pursuant to R.C. 4123.68.

{¶ 35} R.C. 4123.68(Y) provides that a claimant's right to participate in the fund is forfeited only if "an employee refuses to submit to examinations * * * after notice from the administrator." The statute does not say that a claimant forfeits his or her claim if he or she fails to submit the evidentiary materials described in R96–01–01.

{¶ 36} Appellant in this case has never been referred to a "qualified medical specialist" by the administrator as directed by R.C. 4123.68(Y). While I recognize that appellant has not been referred for an examination because he has failed to submit the evidence required under R96–1–01, this does not change the fact that appellant cannot refuse to submit to an examination until he has been referred for an examination. The commission should not be allowed to borrow the penalty prescribed for one action in R.C. 4123.68(Y) simply because it has failed to provide a penalty for a completely different action described in R96–01–01. Construing R.C. 4123.68 liberally in favor of the claimant and given the plain words of the statute, I must conclude that appellant is not in danger of forfeiting his claim until he refuses to submit to a medical examination after notice from the administrator.