[Cite as *Gardi v. Lakewood School Dist. Bd of Edn.*, 2013-Ohio-3436.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99414

---

## GARY GARDI

### PLAINTIFF-APPELLANT

vs.

## BOARD OF EDUCATION OF THE LAKEWOOD CITY SCHOOL DISTRICT, ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-776793

**BEFORE:** Keough, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 8, 2013

**ATTORNEY FOR APPELLANT**

David L. Meyerson
Seaman, Garson, L.L.C.
1600 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Daniel S. Burley
Chester L. Sumpter
Chester L. Sumpter & Associates
16927 Detroit Road, Suite 4
Lakewood, Ohio 44107

Mark E. Mastrangelo
Principal Assistant Attorney General
Sandra L. Nimrick
Assistant Attorney General
State Office Building
11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Gary Gardi ("Gardi"), appeals from the trial court's judgment granting the motion for summary judgment of defendant-appellee, Board of Education of the Lakewood City School District ("Lakewood"). For the reasons that follow, we reverse and remand.

## I. Background

{¶2} On December 10, 2010, Gardi was injured when he slipped and fell on black ice while working for Lakewood. He filed an application for workers' compensation benefits and, after a hearing by the Industrial Commission of Ohio, his claim was allowed for injuries described as lumbar sprain/strain, left hip sprain/strain, and left knee contusion.

{¶3} Gardi subsequently filed a motion to amend his claim to include an additional allowance for substantial aggravation of pre-existing osteoarthritis of the left knee. The Industrial Commission denied this request, finding that the medical evidence failed to demonstrate that Gardi's osteoarthritis was substantially aggravated by his workplace injury on December 10.

{¶4} Gardi then filed an appeal of the Industrial Commission's decision in the common pleas court pursuant to R.C. 4123.412. Subsequently, Lakewood filed a motion for summary judgment in which it argued that it was entitled to summary judgment because Gardi had failed to present pre-injury medical evidence documenting his osteoarthritis and, therefore, could not demonstrate substantial aggravation of a pre-existing condition.

**{¶5}** Gardi filed a brief in opposition to Lakewood's motion in which he argued that R.C. 4123.01(C)(4), which sets forth the requirements for demonstrating a substantial aggravation of a pre-existing condition, does not require medical reports or other documentation of the pre-existing condition that is dated prior to the workplace injury. He also filed a motion to amend his complaint to include a claim for declaratory judgment that R.C. 4123.01(C)(4) is unconstitutional if it requires a claimant to provide pre-injury medical documentation of a pre-existing condition before the claimant may recover for substantial aggravation of the condition. The trial court granted Gardi's motion to amend his complaint.

**{¶6}** The trial court subsequently granted Lakewood's motion for summary judgment. The court held that under R.C. 4123.01(C)(4), the condition a claimant asserts was substantially aggravated by the workplace injury must be medically documented *prior* to the workplace injury and presented in support of the claim. The trial court held that Gardi had not presented such evidence and, therefore, the Industrial Commission had properly denied his claim. Further, the trial court denied Gardi's declaratory judgment claim, holding that R.C. 4123.01(C)(4)'s requirement of pre-injury medical documentation of a pre-existing condition does not violate the equal protection clause of Ohio's constitution and that the statute is therefore not unconstitutional.

**{¶7}** Gardi now appeals from the trial court's judgment.

## II. Analysis

**{¶8}** In his first assignment of error, Gardi contends that the trial court erred in granting Lakewood's motion for summary judgment because R.C. 4123.01(C)(4) does not

require a claimant seeking substantial aggravation of a pre-existing condition to submit pre-injury medical documentation of the pre-existing condition.

{¶9} Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record.

{¶10} A claimant must establish an injury to participate in Ohio's workers' compensation system. *Schell v. Globe Trucking, Inc.*, 48 Ohio St.3d 1, 2, 548 N.E.2d 920 (1990); R.C. 4123.54. Under R.C. 4123.01(C):

> "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:
>
> * * *
>
> (4) A condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury. Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶11} "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14, *superseded by statute on other grounds*.

{¶12} We find the language of R.C. 4123.01(C)(4) to be clear and unambiguous. Specifically, the statute requires that a substantial aggravation of a pre-existing injury must be documented by objective diagnostic findings, objective clinical findings, or objective test results. There is no language anywhere in the statute that requires the pre-existing condition to be medically documented prior to the workplace injury that allegedly aggravated the condition. Accordingly, any requirement that a claimant must present pre-injury documentation of the pre-existing condition before the claimant may recover under R.C. 4123.01(C)(4) for substantial aggravation of the condition adds a requirement that is not in the statute.

{¶13} Case law from other districts is consistent with this conclusion. In *Pflanz v. Pilkington LOF*, 1st Dist. Hamilton No. C-100574, 2011-Ohio-2670, for example, the First District likewise recognized that the language of R.C. 4123.01(C)(4) is clear and unambiguous. It then interpreted the meaning of "substantial aggravation" in the statute and found that "to be compensable, the aggravation of a pre-existing condition must be substantial both in the sense of being considerable and in the sense of being firmly established through the presentation of objective evidence." *Id.* at ¶ 18.

{¶14} The First District then analyzed Pflanz's claim for substantial aggravation.

The court found that the chiropractor who had treated Pflanz for back pain before and after his workplace injury had opined that a post-injury MRI, as well as other post-injury tests, indicated that Pflanz's workplace injury had substantially aggravated his pre-existing back condition. The First District held that this post-injury objective evidence, combined with Pflanz's subjective complaints, was "ample evidence" of substantial aggravation. It therefore affirmed the trial court's judgment allowing Pflanz to participate in the workers' compensation fund for substantial aggravation of a pre-existing condition. Notably, the *Pflanz* court did not require pre-injury documentation of Pflanz's pre-existing condition in order to find that his workplace injury had substantially aggravated his back problem.

{¶15} Likewise, in *Bohl v. Cassens Transport Co.*, 3d Dist. Seneca No. 13-11-36, 2012-Ohio-2248, the Third District did not require pre-injury documentation of a pre-existing condition in order to find substantial aggravation of the condition. In analyzing whether Bohl had produced sufficient evidence under R.C. 4123.01(C)(4) to overcome the employer's motion for a directed verdict, the court noted that Bohl's doctor had testified that bone spurs seen on Bohl's post-injury MRI and x-rays "took years to develop and were there before the January 2010 injury," and, accordingly, opined that Bohl suffered from degenerative cervical disc disease. *Id*. at ¶ 25. The court found that this testimony, coupled with clinical findings of a decreased range of motion after the workplace injury that were documented by medical reports admitted into evidence at trial, satisfied the requirements of R.C. 4123.01(C)(4).

{¶16} Similarly, in *Brate v. Rolls-Royce Energy Sys., Inc.*, 5th Dist. Knox No.

12CA000001, 2001-Ohio-4577, the Fifth District did not require the claimant to produce pre-injury documentation of a pre-existing condition in order to recover under R.C. 4123.01(C)(4). In *Brate*, the Fifth District reversed the trial court's grant of summary judgment to the employer on the claimant's claim for substantial aggravation of pre-existing osteoarthritis of the right knee. The trial court had granted the motion upon a finding that the claimant had not satisfied the requirements of R.C. 4123.01(C)(4) in demonstrating a substantial aggravation of a pre-existing condition.

{¶17} On appeal, the Fifth District first analyzed whether testimony by the treating doctor regarding the claimant's post-injury arthroscopic procedure was sufficient to demonstrate substantial aggravation of a pre-existing condition. The court noted that there was no objective evidence of the claimant's osteoarthritis prior to his workplace accident, but found that the doctor had testified that during the post-injury diagnostic arthroscopy, he had observed osteoarthritic changes that were of "advanced pathology," from which he concluded that the claimant suffered from osteoarthritis prior to his injury. The doctor testified further that the claimant's osteoarthritis was made worse by the twisting and torquing to the knee that occurred during the workplace injury, a conclusion the court noted was based on the doctor's post-injury clinical exam of the claimant, as well as the claimant's subjective report that his knee hurt after the injury, when it did not hurt before.

{¶18} The court then analyzed the testimony of the claimant's primary care physician, who testified that the claimant's post-injury MRI, the report from the post-injury arthroscopic procedure, and the doctor's post-injury clinical examination of

the claimant, all demonstrated a substantial aggravation of pre-existing osteoarthritis in the claimant's right knee.

{¶19} In light of the doctors' testimony, the Fifth District held that the claimant had produced sufficient evidence of substantial aggravation to overcome the employer's motion for summary judgment. As with *Pflanz* and *Bohl*, the *Brate* court did not require that the claimant produce pre-injury documentation of his osteoarthritis to satisfy the requirements of R.C. 4123.01(C)(4).

{¶20} Here, in finding that objective medical evidence of the pre-existing condition must be documented prior to the injury and presented in support of an R.C. 4123.01(C)(4) substantial aggravation claim, the trial court relied on *Smith v. Lucas Cty.*, 6th Dist. Lucas No. L-10-1200, 2011-Ohio-1548. But *Smith* does not stand for this proposition.

{¶21} In *Smith*, the trial court granted the employer's motion for summary judgment regarding the claimant's application for substantial aggravation of a pre-existing condition under R.C. 4123.01(C)(4), finding that because there was no testing or diagnostic procedure that documented the condition prior to the workplace injury, the claimant had failed to provide the statutorily-required objective findings or results. *Id.* at ¶ 6.

{¶22} On appeal, the Sixth District held that the trial court had not erred in granting the motion for summary judgment because the claimant had not provided sufficient documentation of her symptoms preceding the injury and, thus, could not establish that her condition had been substantially aggravated by the injury. *Id.* at ¶ 18.

The court noted that the doctor's affidavit and chart notes presented by the claimant in support of her substantial aggravation claim were based only upon the subjective history the claimant had reported to the doctor, and not upon any objective findings as required by the statute. The court noted further that the claimant had not provided any records or a statement from her prior treating physician, and that her post-injury MRI revealed the existence of the condition and provided an explanation for her current symptoms, but did not establish that the condition had been substantially aggravated by the injury.

{¶23} Due to this absence of proof, the *Smith* court held that the claimant's application failed because she had not presented objective evidence of her symptoms preceding the injury and, therefore, could not establish substantial aggravation, as required by the statute. The court specifically noted, however, that "*[s]uch evidence would not necessarily require objective 'before' and 'after' findings or results*." *Id.* (Emphasis added.) Accordingly, *Smith* merely stands for the proposition that to recover under R.C. 4123.01(C)(4), there must be some objective evidence of substantial aggravation of a pre-existing condition.

{¶24} Therefore, we find that the trial court erred in finding that Lakewood was entitled to summary judgment because Gardi did not produce pre-injury documentation of his osteoarthritis. R.C. 4123.01(C)(4) does not require that he do so.

{¶25} Lakewood contends, however, that even if pre-injury documentation of Gardi's osteoarthritis is not required, because our review of a summary judgment ruling is de novo, we should affirm the trial court's judgment because Gardi failed to present sufficient objective medical evidence documenting a substantial aggravation of his

osteoarthritis. Lakewood offers various reasons regarding why Gardi's medical evidence is insufficient to substantiate his claim.

{¶26} Likewise, the Ohio Bureau of Workers' Compensation (the "Bureau") asserts on appeal that this court should affirm the trial court's grant of summary judgment because Gardi's medical evidence is insufficient to substantiate his claim. The Bureau concedes that under R.C. 4123.01(C)(4), a claimant need not submit pre-injury documentation of a pre-existing condition, but argues that the trial court properly granted summary judgment because Gardi's medical evidence failed to establish either a pre-existing condition or a substantial aggravation of a condition.

{¶27} It is well settled that arguments raised for the first time on appeal will not be considered by an appellate court. *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81, 1997-Ohio-71, 679 N.E.2d 706. Motions for summary judgment are no different: "although we review summary judgment decisions de novo, 'the parties are not given a second chance to raise arguments that they should have raised below.'" *Hamper v. Suburban Umpires Assn.*, 8th Dist. Cuyahoga No. 92505, 2009-Ohio-5376, ¶ 27, quoting *Perlmutter v. People's Jewelry Co.*, 6th Dist. Lucas No. L-04-1271, 2005-Ohio-5031; *see also Hanley v. DaimlerChrysler Corp.*, 158 Ohio App.3d 261, 2004-Ohio-4279, 814 N.E.2d 1245, ¶ 23 (6th Dist.)

{¶28} In its motion for summary judgment, Lakewood argued only that Gardi's claim failed because he had not presented pre-injury objective medical evidence of his osteoarthritis. The Bureau neither filed a motion for summary judgment below nor joined Lakewood's motion. Accordingly, any argument that Gardi's medical evidence is

insufficient to demonstrate a substantial aggravation of his condition is raised for the first time on appeal and we will not consider it. The first assignment of error is therefore sustained.

**{¶29}** In his second assignment of error, Gardi contends that the trial court erred in denying his declaratory judgment claim because any requirement that a claimant must produce pre-injury documentation of a pre-existing condition to support a substantial aggravation claim under R.C. 4123.01(C)(4) violates the Equal Protection Clause of the Ohio Constitution. Because Gardi is entitled to relief on other grounds, however, it is not necessary for us to reach this constitutional issue. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 67, citing *Massachusetts v. Westcott*, 431 U.S. 322, 323, 97 S.Ct. 1755, 52 L.Ed.2d 349 (1977) (recognizing that courts should decide constitutional issues only when necessary); *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.*, 71 Ohio St.3d 504, 507, 1994-Ohio-4764, 644 N.E.2d 351 ("When a case can be decided on other than a constitutional basis, we are bound to do so.") The second assignment of error is therefore overruled.

**{¶30}** The trial court's judgment granting summary judgment to Lakewood is reversed, and the matter is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR