[Cite as *Wesolowski v. Toledo Refining Co., L.L.C.*, 2024-Ohio-1439.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Patricia Wesolowski

Court of Appeals No.  L-23-1190

Appellant

Trial Court No.  CI0202202017

v.

Toledo Refining Company, LLC

**DECISION AND JUDGMENT**

Appellee

Decided: April 12, 2024

* * * * *

Thomas J. Schaffer, for appellant.

Kimberly S. Kondalski and Mark A. Shaw, for appellee.

* * * * *

**OSOWIK, J.**

**{¶ 1}** Plaintiff-appellant appeals from a judgment of the Lucas County Common Pleas Court granting summary judgment in favor of appellants, Toledo Refining Company, LLC, et al.  The appellant raises a single assignment of error for our review:

> "The trial court erred in granting Defendant's Motion for Summary Judgement by failing to consider the hearsay exception of excited utterance under Evidence Rule 803(2)."

## FACTS AND PROCEDURAL HISTORY

**{¶ 2}** The undisputed facts are as follows. Patricia Wesolowski is the plaintiff-appellant and widow of the deceased employee James Wesolowski. On or about October 11, 2016, James Wesolowski died.

**{¶ 3}** Appellant filed an application for death benefits with the Bureau of Workers' Compensation ("BWC") which was assigned claim No. 16-107316. The BWC issued an order dated March 22, 2017, which denied the requested benefits having determined there was "no indication in the medical documentation on file at the BWC, that relates this fall to a work-related incident/accident" and the "death certificate, on file with the BWC, states that the injury did not occur at work."

**{¶ 4}** Appellant appealed the BWC's order, following which a District Hearing Officer mailed an order on October 5, 2019, disallowing the claim.

**{¶ 5}** Appellant appealed the District Hearing Officer's decision, following which a Staff Hearing Officer mailed an order on February 13, 2020, which also disallowed the claim.

**{¶ 6}** Appellant appealed the Staff Hearing Officer's decision, and the Industrial Commission of Ohio ("IC") mailed an order on March 3, 2020, which refused the appeal.

**{¶ 7}** On May 5, 2020, the appellant filed an appeal with the Lucas County Court of Common Pleas. The appeal was assigned case number G-4801-CI-0202002091. Appellant filed a Notice of Voluntary Dismissal Pursuant to Rule 41 (A)(1)(a) on April 9, 2021, reserving the right to refile this matter within a year.

2.

**{¶ 8}** The matter was refiled April 8, 2022. Appellee Toledo Refining Company, LLC (TRC) filed a motion for summary judgment and appellant responded.

**{¶ 9}** The trial court granted the appellee's motion for summary judgment.

ANALYSIS

**{¶ 10}** At the outset, we note appellant frames the issue for this court to review as "whether the hearsay exception Ohio Evid. R. 803(2), "excited utterance," applies to Mr. Wesolowski's statements to Plaintiff regarding the surrounding circumstances of his workplace injury."

**{¶ 11}** However, appellant did not present any arguments to the trial court to show that the James Wesolowski statement met the criteria of this exception under Evid.R. 803(2). Rather, her argument to the trial court was confined to the present sense impression hearsay exception under Evid.R. 803(1).

**{¶ 12}** Despite the fact that appellate courts review summary judgment decisions de novo, the parties are not given a second chance to raise arguments that they should have raised below. The Evid.R. 803(2) excited utterance exception argument is being raised for the first time on appeal. We, therefore, will not consider this argument. *Hanley v. DaimlerChrysler Corp.*, 158 Ohio App. 3d 261, 2004-Ohio-4279, 814 N.E.2d 1245, ¶ 23, citing *Aubin v. Metzger,* 3d Dist. No. 1–03–08, 2003-Ohio-5130, ¶ 10.

**{¶ 13}** As we stated, an appellate court reviews a trial court's summary judgment decision de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment will be granted when no genuine issues of material fact exist

when after, construing all the evidence in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Accord, *Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

{¶ 14} A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Grafton* at 105. A trial court shall grant summary judgment only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46 (1978). *Nationstar Mortg. LLC v. Cody,* 6th Dist. OT-18-041, 2020-Ohio-5553, ¶13-14

{¶ 15} In this case, appellant filed a claim for workers' compensation death benefits arising from the death of her husband, James Wesolowski.

{¶ 16} This claim was filed pursuant to R.C. 4123.59.  In order to receive benefits under that statute, a claimant must show (1) dependency on (2) an employee of the defendant-employer (3) whose death was the result of a work-related disease or-

injury

{¶ 17} Without a finding of each of these elements, appellant would be unable to participate in the workers' compensation fund and hence, not be able to prevail on appeal. *Sellers v. Connor*, 8th Dist. Cuyahoga No. 48027, 1984 WL 6339, *3–4 (Dec. 6, 1984).

{¶ 18} It is undisputed that appellant herein, Patricia Wesolowski, was a dependent of James Wesolowski and James Wesolowski was an employee of the appellee at the time of his death.

{¶ 19} The only issue in dispute is whether James Wesolowski died as a result of a work-related disease or injury.

{¶ 20} Appellant claims that on August 6, 2016, her husband fell coming down some steps at the refinery where he worked for over forty years and that he died as a result of the injuries that he received in that fall. However, appellees argue that appellant has failed to meet her burden of proof that James Wesolowski sustained a work-related injury.

{¶ 21} In support of its argument, TRC submitted the affidavit of Deithra Glaze, the Human Resource Manager with Toledo Refining Company, LLC. Her sworn statement establishes that James Wesolowski did not inform TRC that he sustained a work-related injury on August 6, 2016. She further attests that the first time there was any notice or allegation of such an incident occurred by way of a telephone call on or about October 19, 2016, about a week after his death. On that date, Ms. Glaze spoke

with Ross Wesolowski, son of James Wesolowski. Thereafter, she commenced an investigation concerning the allegations.

{¶ 22} The investigation revealed that no TRC employees witnessed James Wesolowski falling and sustaining an injury on August 6, 2016, and that there was no video evidence of such a fall. The records of TRC further show that James reported for work the next day and worked his next scheduled shift and never reported to TRC any fall at work that would have occurred on August 6, 2016.

{¶ 23} At her deposition, appellant testified that she called TRC on August 7, 2016, to report that James would not be reporting for his August 8, 2016 dayshift because "he fell at home last night and is at ER getting his back checked out." This was confirmed by a TRC Employee Absentee Report.

{¶ 24} Appellant further testified that she completed the required documents under the Family Medical Leave Act and supplied the information as her husband instructed her to do so. On that form, the handwritten "Reason for Leaving" states:

"James fell at home coming downsteps (2 steps) and inj. his neck and back"

{¶ 25} Appellant also testified that she indicated to the hospice staff that James fell at home and confirmed her description of the incident to the hospice staff as reflected in its records. Those records state "Patient was at home and fell down 3 steps onto is right side sometime during the night. His wife reports he then went back to bed but woke up with severe upper back and lower lumbar spine as well as right hand tingling."

{¶ 26} All of this evidence was presented in support of TRC's motion for summary judgment on the issue of whether James Wesolowski sustained a work-related injury.

{¶ 27} In her response to the appellees' motion for summary judgment, appellant argued that the issue of whether her husband sustained a work-related injury was still in dispute. Specifically, she cited to her own deposition wherein she maintained that her husband came home from work on August 6, 2016 and stated to her "oh boy… I really did it this time. I fell…coming down some steps at work and fell, fell off the step… I got my back bad." Appellant argued that these statements of her husband are admissible evidence and sufficient to create an issue of fact yet to be determined. Appellee objected. TRC argued that the statements of James Wesolowksi to his spouse were hearsay, not subject to any exception.

{¶ 28} In her memorandum in opposition to the motion for summary judgment, appellant argued to the trial court that the statements were admissible, pursuant to the authority of *Taylor v. Indus. Comm.* 13 Ohio App. 262 (1920) and Evid.R. 803(1).

{¶ 29} The facts in *Taylor* established that the claimant stepped out of the company's shop on to the company's property to smoke. In going out he passed down some concrete steps leading from the shop. In a very brief period of time, approximately two minutes, he returned, holding his back and seemingly in pain, and immediately stated to other workmen, as testified to by them, that in going out he had fallen on the concrete steps and injured his spine. *Id.* 263–64.

7.

**{¶ 30}** We note that the holding in *Taylor* was pronounced 60 years prior to the adoption of the Ohio Rules of Evidence in 1980. Nevertheless, in *Taylor*, the court held:

> The general rule is that evidence of the statement by the party injured declaring the circumstances of the injury, made a considerable time after the happening, is hearsay and inadmissible, but where the statement is made immediately after the injury, in the presence of the person testifying, who asserts the circumstances as observed by him, this evidence constitutes an exception to the hearsay rule and is admissible. (3 Wigmore on Evidence, Section 1746.) *Id.* at 264.

The court further held:

> Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or, at least, as lacking the usual grounds of untrustworthiness), and thus as expressing the real tenor of the speaker's belief as to the facts just observed by him; and may therefore be received as testimony to those facts. *Id*. at 265.

**{¶ 31}** Appellant also argued that James Wesolowski's statement would be admissible as a present sense impression exception to hearsay under Evid. R. 803(1). That rule defines the present sense impression as a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness. Evid.R. 803(1).

**{¶ 32}** The key to the statement's trustworthiness is the spontaneity of the statement; it must be either contemporaneous with the event or be made immediately thereafter. *State v. McLoyd,* 8th Dist. Cuyahoga No. 112092, 2023-Ohio-4306 ¶ 53,

8.

quoting *State v. Essa*, 194 Ohio App.3d 208, 2011-Ohio-2513, 955 N.E.2d 429, ¶ 126 (8th Dist.).

{¶ 33} The trial court found that the statements of James Wesolowski were not present sense impressions because the circumstances surrounding the statements indicate a lack of trustworthiness and were not spontaneous and made contemporaneously with the fall or immediately thereafter.

{¶ 34} The staff notes to Evid.R. 803(1) state:

"Present sense impressions are those declarations made by an observer at the time the event is being perceived. The circumstantial guaranty of trustworthiness is derived from the fact that the statement is contemporaneous and there is little risk of faulty recollection, and it is made to another who is capable of verifying the statement at the time it is made. * * *
"One of the principle elements of the circumstantial guaranty of trustworthiness of this exception is that the statement was made at a time and under circumstances in which the person to whom the statement was made would be in a position to verify the statement."

{¶ 35} In the instant case it is undisputed that the statement attributed to James Wesolowski was not made while he was perceiving the fall or immediately thereafter. The statement was not made until James had returned home, which according to the record, would have taken at least 17 minutes to drive.

{¶ 36} Further, the statement was made to an individual (appellant herein, his wife) who was not capable of verifying the statement at the time it was made since she was not present at the place of employment when the event was supposed to have occurred. This fact weighs heavily on the lack of trustworthiness of the statement.

9.

**{¶ 37}** One of the guarantees of trustworthiness upon which the present sense impression exception is based is verification. For example, the following statement appears in the second edition of McCormick:

> The statement will usually have been made to a third party [the person who subsequently testifies to it] who, being present at the time and scene of the observation, will usually have an opportunity to observe the situation himself and thus provide a check on the accuracy of the declarant's statement (McCormick, Evidence § 298, at 710 (2d ed. 1972)).

**{¶ 38}** We have noted that if the witness (the third party) heard the statement but did not perceive the event, this safeguard is not present. The 'lack of trustworthiness' clause was intended to protect against this possibility. *State v. Williams,* 6th Dist. No. L-90-175, 1991 WL 156545, *12 (Aug. 16, 1991).

**{¶ 39}** We turn to the propriety of granting summary judgment. A court may render summary judgment only if the evidence, construed most strongly in the non-moving party's favor, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). When ruling on a motion for summary judgment, a trial court generally may consider only evidence that would be admissible at trial. *Lowe v. Cox Paving, Inc.*, 190 Ohio App.3d 154, 2010-Ohio-3816, 941 N.E.2d 88, ¶ 27 (12th Dist.), citing *Tokles & Son, Inc. v. Midwestern Indemn. Co.,* 65 Ohio St.3d 621, 631, fn. 4, 605 N.E.2d 936 (1992).

**{¶ 40}** The statement attributed to appellant's spouse is clearly hearsay. Evid.R. 801( C).

**{¶ 41}** Based upon this lack of admissible evidence, we cannot consider appellant's version of the events. As a result, no dispute exists regarding the origins of the injuries sustained by James Wesolowski as we must accept the appellees' version of events in that this was not a work-related injury, which is supported by the affidavits and deposition testimony.

**{¶ 42}** Accordingly, appellant cannot recover under the Workers' Compensation Act. Appellant's sole assignment of error is overruled.

**{¶ 43}** The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs are assessed to appellant.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.            _____
                                     JUDGE

Christine E. Mayle, J.         

Gene A. Zmuda, J.             _____
CONCUR.                                         JUDGE

                                     _____
                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.